[Criminal No. 173.    Filed March 26, 1904.]

[76 Pac. 611.]

UNITED STATES OF AMERICA, Plaintiff and Appellant, v. JOHN STOFELLO, Defendant and Respondent.

1. CRIMINAL LAW—INDIANS—INTOXICATING LIQUORS—KNOWLEDGE—INTENT—NOT ESSENTIAL ELEMENT OF OFFENSE—ACT OF CONGRESS JANUARY 30, 1897, 29 STATS. 506, c. 109, CONSTRUED.—Under the act, *supra*, making it an offense for any person to sell, give away, or dispose of intoxicating liquors to an Indian, a ward of the government, under the charge of an Indian superintendent or agent, knowledge or intent is not an essential ingredient, and it is no defense that the defendant actually believed that the person to whom he sold was a Mexican.

APPEAL from a judgment of the District Court of the First Judicial District. George R. Davis, Judge. Requested instruction held proper.

The facts are stated in the opinion.

Frederick S. Nave, United States Attorney, and John H. Campbell, Assistant United States Attorney, for Appellant.

No appearance for Respondent.

SLOAN, J.—One John Stofello was indicted, tried, and acquitted in the court below for the crime of giving, selling, and disposing of intoxicating liquor to an Indian, a ward of the government of the United States, under charge of an Indian agent. The indictment was brought under the act of Congress approved January 30, 1897 (29 Stats. 506, c. 109), which, in part, reads as follows: "Any person who shall sell, give away, dispose of, . . . intoxicating liquors . . . to

an Indian, a ward of the government, under the charge of an Indian superintendent or agent, . . . shall be punished," etc. Upon the trial the defendant was permitted to show that he sold the liquor under the honest belief that the Indian to whom he sold it was a Mexican. The United States attorney requested the court to give the following instruction: "The statute makes it an offense to sell, give away, or dispose of, intoxicating liquor to an Indian, a ward of the government, under charge of an Indian agent. It is not an element of this offense that an offender shall know the person to whom he sells, gives away, or disposes of intoxicating liquor is an Indian, a ward of government, under charge of an Indian agent. The law places the risk as to the lawfulness of the selling, giving, or disposing of intoxicating liquor upon the one who sells, gives, or disposes of the liquor. Therefore it is not a proper defense for one charged with the commission of this offense to assert that he did not know the person to whom he sold, gave, or otherwise disposed of the liquor, was an Indian, if in fact he did sell, give away, or dispose of intoxicating liquor to an Indian, a ward of the government, under charge of an Indian agent, knowing at the time that he was selling, giving away, or disposing of intoxicating liquor to some person." The court refused to give this instruction, and the government has brought this appeal, under section 1038 of the Penal Code, to test the correctness of this ruling.

It will be noted that the statute, in plain terms, makes the selling, giving, or disposing of intoxicating liquor to an Indian, a ward of the government, under the charge of an Indian superintendent or agent, a crime. The word "knowingly" is not used in the act, nor is any word of similar import found therein. An examination of the authorities has satisfied us that the offense created by the statute is of that class of crimes in which knowledge or guilty intent is not an essential ingredient, and need not be proven. The doing of the prohibited thing is made an offense, without regard to the purpose or intent. Such crimes are in the nature of police regulations, imposing criminal penalties for their violation, without regard to purpose or intent. The object of such statutes is to require such diligence as will render their violation impossible, the end sought being the protection of the public. *People* v. *Roby,* 52 Mich. 577, 18 N. W. 365, 50 Am.

Rep. 270; *People* v. *Curtis*, 129 Mich. 1, 95 Am. St. Rep. 404, 87 N. W. 1040; *Commonwealth* v. *Emmons*, 98 Mass. 8; *Commonwealth* v. *Stevens*, 155 Mass. 294, 29 N. E. 508; *Commonwealth* v. *Julius*, 143 Mass. 134, 8 N. E. 898; *Commonwealth* v. *Zelt*, 138 Pa. St. 615, 21 Atl. 7, 11 L. R. A. 602.

We hold that the instruction asked for correctly stated the law, and should have been given.

Kent, C. J., and Doan, J., concur.