## PARKER v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 1, 1913.)

No. 40.

1. CRIMINAL LAW (§ 434*)—EVIDENCE—DOCUMENTARY EVIDENCE—BOOKS OF CORPORATION.

Where, in a prosecution for wrongful use of the mails in furtherance of a scheme to defraud in the sale of corporate stock by false representations, defendant made representations as to the corporations in question, the truth of which could only be determined by the corporate books and records, and part of one of the books contained a summary of defendant's own reports, the books were admissible on the issue of the truth of such representations, regardless of the fact that defendant's participation in the scheme occurred a long distance from the place where the books were kept and he had no part in their keeping.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1023; Dec. Dig. § 434.*]

2. CRIMINAL LAW (§ 369*)—EVIDENCE—OTHER OFFENSES—INTENT—LIMITATION.

Where, in a prosecution for use of the mails in furtherance of a scheme to defraud in the sale of stock in a corporation projecting a wireless telegraph, there being evidence that the affairs of a prior company were so interwoven with those of the company in question that proof of defendant's relations with such former company directly tended to establish his participation in the fraudulent scheme in connection with the latter, such evidence was admissible to prove the offense alleged, and it was not error for the court to omit to limit it to the question of intent.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 822–824; Dec. Dig. § 369.*]

3. POST OFFICE (§ 49*)—MISUSE OF MAILS—EVIDENCE—GOOD FAITH.

In a prosecution for a misuse of the mails in furtherance of a scheme to defraud in a sale of corporate stock by misrepresentations, evidence of a conversation between defendant and the chairman of the executive committee of the corporation, concerning the company's earnings subsequent to the making of the representations alleged to be false, was inadmissible on the issue of defendant's good faith.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 84–86; Dec. Dig. § 49.*

Nonmailable matter, see notes to Timmons v. United States, 30 C. C. A. 79; McCarthy v. United States, 110 C. C. A. 548.]

4. CRIMINAL LAW (§ 444*)—DOCUMENTARY EVIDENCE—PRELIMINARY PROOF.

In a prosecution for misuse of the mails in furtherance of a scheme to defraud in the sale of corporate stock, the rejection of bulletins and letters from the corporation's western manager concerning the Pacific Coast business was not error in the absence of a foundation properly laid for its admission.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1028; Dec. Dig. § 444.*]

5. POST OFFICE (§ 50*)—QUESTION FOR JURY—MISUSE OF MAILS—SCHEME TO DEFRAUD.

In a prosecution for misuse of the mails in furtherance of a scheme to defraud in the sale of stock of a corporation by misrepresentations, evidence *held* sufficient to justify a submission of the case to the jury as against defendant P.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 87–89; Dec. Dig. § 50.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Southern District of New York; James L. Martin, Judge.

George H. Parker and Christopher C. Wilson and others were convicted of using the mails in furtherance of a scheme to defraud, and with conspiring to commit an offense against the United States. Conviction as to defendants other than Parker and affirmed, and he prosecutes a separate writ of error. Affirmed.

T. B. Hardin and J. S. Hess, both of New York City, for plaintiff in error.

Henry A. Wise, U. S. Atty., of New York City (G. H. Dorr, A. I. Smith, Jr., and R. Stephenson, all of New York City, of counsel), for the United States.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The opinion of this court in Wilson v. United States, 190 Fed. 427, 111 C. C. A. 231, contains a review of the facts in this case and an extended examination of most of the questions of law raised in the present assignment of errors. We shall therefore upon this writ of error confine ourselves to considering whether the principles laid down in our former opinion are applicable to this defendant and whether any new assignments of error are well founded. In so doing, we may conveniently follow the questions stated in the defendant's brief.

[1] The first question is whether the trial court erred in receiving in evidence as against the defendant Parker the books of account, records, and compilations from the books of the United Company and of its agent the Loan Company.

We approved the admission of this documentary evidence in the Wilson Case and fail to see why the principles there laid down are not controlling here. The only substantial difference between the situation of Parker and that of the other defendants was, as stated in his brief, that "he was thousands of miles away" from the place where the books were kept. This difference would have been important had the question been only as to his actual knowledge of their contents. But the books were offered upon another ground and were admissible even if this defendant had no actual knowledge of what they contained. He made representations as to the corporations in question, the truth of which could only be determined by the corporate books and records. Consequently such books and records were properly admitted to show the falsity of the statements. Other facts and circumstances were relied upon to establish the defendant's guilty knowledge.[1] We think that the rulings in the Wilson Case are applicable and determinative upon this question.

[2] The second question is whether there was error in receiving evidence relating to the defendant Parker's connection with the De Forest Company.

---

[1] The entire contents of the "little book," which the defendant particularly refers to, do not appear to have been admitted as against the defendant Parker. The part of this book, however, which contains a summary of the defendant's own reports, was, we think, properly received.

With respect to this question the defendant Parker stands in the same situation as the other defendants, and we found no error in the Wilson Case in the admission of this testimony. This defendant, however, contends that the testimony should have been excluded under the recent decision of this court in Marshall v. United States, 197 Fed. 511, 117 C. C. A. 65, which limited the reception of proof of the commission of similar offenses upon the question of intent. In our opinion, however, that decision has no bearing here. The affairs of the De Forest Company were so interwoven with those of the United Company that proof of the defendant's relations with the former went directly to establish his liability for the fraudulent scheme in connection with the latter. It was not a case of proving a "similar offense."

[3] The third question is whether there was error in refusing to permit the defendant Parker to testify concerning a conversation with one Allen, chairman of the executive committee of the United Company, concerning the earnings of the company.

If the conversation referred to had taken place *before* the defendant made representations concerning the affairs of the Wireless Company, it might have been admissible upon the question of good faith. But, apparently, the testimony was offered to affect previous representations and was properly excluded. A man's good faith a year ago is not determined by that which he finds out to-day.

The fourth question is whether there was error in rejecting evidence offered by the defendant of the bulletins and letters from the manager at Seattle concerning the Pacific Coast business.

[4] No proper foundation appears to have been laid for the admission of this documentary evidence and we fail to see that it would have materially tended to establish the truth of the representations made by the defendant. In any event, the rejecting of this evidence cannot be said to have constituted material prejudicial error.

The fifth question is whether the trial court properly rejected a package of papers containing correspondence between the New York office of the United Company and the Loan Company of Denver. We find no error in this ruling. The papers were offered informally and the court ruled that any papers which were addressed to the defendant should be admitted. We think that this was all that the defendant was entitled to. Certainly the record is quite insufficient to base a claim of prejudicial error upon.

The final substantial question raised by the defendant Parker is whether there was sufficient evidence to justify the trial court in submitting the case to the jury.

[5] We think it unnecessary to review the evidence in detail and shall confine ourselves to indicating a few instances where we think the proof was quite sufficient to warrant the jury in finding that the defendant knowingly circulated false statements. Take, for example, his statement about the profits of installing apparatus on ships after he had been told by Wilson that the company lost money on each ship equipped. So the statements placing the value of $14,000,000 on the old De Forest stock after the resolution and circulars of the Wireless Company had shown that it had no value. So his statement

that the United Company "absolutely owned the Marconi system." These are merely illustrative. As to them and as to the manifold statements of condition, resources, and profits which the defendant Parker made, we are satisfied that the case properly went to the jury. It was for the jury in considering the question of guilty knowledge, to weigh the fact that this defendant was widely separated from the others. He told his story of ignorance and lack of knowledge upon the stand and the jury did not believe him. He cannot now complain.

Most of the other assignments of error were examined in the Wilson Case. As to those which were not, it is sufficient to say that we have examined them and are of the opinion that they disclose no reversible error. In particular we are satisfied that the court below had jurisdiction as to the defendant Parker.

The judgment of the Circuit Court is affirmed.