[Criminal No. 394.   Filed February 10, 1916.]

[154 Pac. 1048.]

## I. E. TROUTNER, Appellant, v. STATE, Respondent.

INTOXICATING LIQUORS—OFFENSES—UNLAWFUL SALE—INTENT.—Constitution, article 23, section 1, declares that every person who sells any intoxicating liquor shall be guilty of a misdemeanor. Penal Code of 1913, section 24, subdivision 4, defining the classes of persons capable of committing crimes, excepts those who commit the act under a mistake of fact which disproves any criminal intent. Accused, charged with selling intoxicating liquors, asserted that he did not know of the intoxicating nature of the liquors. *Held,* that while, as respects crimes involving moral turpitude, criminal intent or

guilty knowledge is an essential element, that rule does not apply to a violation of the prohibition amendment.

[As to burden of proof as to whether liquor is intoxicating, see note in Ann. Cas. 1913C, 629.]

APPEAL.from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Mr. J. J. Cox and Mr. James E. Nelson, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. Leslie C. Hardy and Mr. Geo. W. Harben, Assistant Attorneys General, for the State.

ROSS, C. J.—Appellant was tried and convicted upon an information charging him with the crime of selling, exchanging, giving, bartering and disposing of certain intoxicating liquors. He was tried by a jury and found guilty. From the judgment of conviction he appeals.

The appellant asked the court to instruct the jury as follows:

"If you believe from the evidence in this case, beyond a reasonable doubt, that the drink sold in this case was intoxicating as alleged in the information, but still further believe that at the time defendant sold the same he sold it honestly believing it was not intoxicating, then, in such event, the defendant would not be guilty, and it will become your duty to acquit him."

This requested instruction was refused by the court,, and the jury was told by the court:

"That the law of this state does not permit one to sell intoxicating liquor and then be heard to say that he did not know that the liquor was intoxicating. He is bound under the law to know. The law presumes that when he sells liquor he knows what he is selling; that is, whether it is intoxicating or not. The prohibition amendment is intended to prevent any traffic in intoxicating liquors. No excuses are recognized or permitted. If one sells intoxicating liquor, he is liable. It is his duty to know what he sells, and he cannot guess at it or rely upon someone else's statement."

The appellant complains of the court's refusal to give the requested instruction and of the submission to the jury as

the law of this state of the converse of the proposition contained in his request.

The prohibition amendment (article 23, section 1) reads:

"Every person who sells, exchanges, gives, barters, or disposes of any ardent spirits, ale, beer, wine, or intoxicating liquor of any kind to any person in the state of Arizona, . . . shall be guilty of a misdemeanor. . . . "

In crimes involving moral turpitude, criminal intent or guilty knowledge is, of course, generally recognized as an essential element. This is true whether the offense be one at common law or by statute. Society has so developed and extended that it has become necessary, in order to protect it, to pass many laws forbidding things to be done or commanding things to be done, the neglect to do or the doing whereof had theretofore been regarded as innocent and permissible. Most crimes falling under this head are designated as *malum prohibitum* in contradistinction to those crimes that are bad in themselves and in which criminal intent or guilty knowledge is essential.

That the legislature may make the doing of an act or the neglect to do something a crime in the absence of criminal intent is well settled. The intent of the legislature, therefore, in any given piece of legislation, is the controlling factor. It is said in 8 R. C. L. 62:

"Whether a criminal intent or guilty knowledge is a necessary element of a statutory offense is a matter of construction to be determined from the language of the statute, in view of its manifest purpose and design. There are many instances in recent times where the legislature in the exercise of the police power has prohibited, under penalty, the performance of a specific act. The doing of the inhibited act constitutes the crime, and the moral turpitude or purity of the motive by which it was prompted and knowledge or ignorance of its criminal character are immaterial circumstances on the question of guilt. The only fact to be determined in these cases is whether the defendant did the act. In the interest of the public the burden is placed upon the actor of ascertaining at his peril whether his deed is within the prohibition of any criminal statute."

In *Commonwealth* v. *Weiss*, 139 Pa. 247, 23 Am. St. Rep. 182, 11 L. R. A. 530, 21 Atl. 10, the defendant was charged

with violating a law forbidding the sale of oleomargarine, and he defended on the ground of ignorance of the nature and quality of the article sold. The court stated the rule we are now considering so well that we quote at some length:

"Whether a criminal intent or a guilty knowledge, is a necessary ingredient of a statutory offense, therefore, is a matter of construction. It is for the legislature to determine whether the public injury, threatened in any particular matter, is such and so great as to justify an absolute and indiscriminate prohibition. Even if, in the honest prosecution of any particular trade or business, conducted for the manufacture of articles of food, the product is healthful and nutritious, yet, if the opportunities for fraud and adulteration are such as threaten the public health, it is undoubtedly in the power of the legislature, either to punish those who knowingly traffic in the fraudulent article, or, by a sweeping provision to that effect, to prohibit the manufacture and sale altogether. The question for us to decide, therefore, is whether or not, from the language of the statute, and in view of the manifest purpose and design of the same, the legislature intended that the legality or illegality of the sale should depend upon the ignorance or knowledge of the party charged. The statute in question was an exercise of the police power, and the act was sustained upon this ground, not only in this court, but also in the supreme court of the United States. *Powell* v. *Commonwealth,* 5 Cent. Rep. 890, 114 Pa. 265 [60 Am. Rep. 350, 7 Atl. 913]; *Powell* v. *Pennsylvania,* 127 U. S. 678, 3 L. Ed. 253 [8 Sup. Ct. Rep. 992]. The prohibition is absolute and general; it could not be expressed in terms more explicit and comprehensive. The statutory definition of the offense embraces no word implying that the forbidden act shall be done knowingly or willfully, and, if it did, the design and purpose of the act would be practically defeated. The intention of the legislature is plain, that persons engaged in the traffic shall engage in it at their peril, and that they cannot set up their ignorance of the nature and qualities of the commodities they sell, as a defense."

The language in our prohibition amendment is "absolute and general." "Every person" who (not he who knowingly or with guilty knowledge) sells intoxicating liquor "shall

be guilty." It is all comprehensive—it excludes none. It makes the act of sale of the forbidden article a crime. He who would avoid any violation of its terms must not sell intoxicating liquor, and, having done the thing forbidden, he may not excuse his act upon ignorance of the fact of its intoxicating quality. He is irrebuttably presumed to know the quality of the article sold, and if it turns out to be intoxicating he may not escape upon the plea of ignorance. To construe the prohibition amendment otherwise we would have to insert words not found therein.

In ascertaining the intent of the law-making body in the enactment of this prohibition law, sight of its purpose should not be overlooked. Unquestionably, the purpose was to place a ban upon the traffic in intoxicating liquors, and this purpose would be frustrated, if not entirely destroyed, if ignorance of the intoxicating quality of the article sold could be interposed as a defense. Ignorance of the law never excuses, and the rule is as absolute that ignorance of the fact never excuses if that be the declaration of the law-making body.

The rule announced has been almost universally the one adopted by the courts of the country in the construction of similar statutes. The courts that have adopted a different rule have either been influenced by special statutes, or have, in our opinion, pursued an erroneous course of reasoning. Where ignorance of the fact has been held a good defense, we think too much stress has been given to the rights of the defendant and too little consideration of the rights of society. While it may seem a serious hardship to inflict punishment upon one who has acted innocently, yet the fact remains that the act was of his own volition, generally fruitful of benefits to him and inimical to the rights of the general public. He, then, in our opinion, should suffer and the general policy of the law prevail. This can be only when the rule is unbending.

The courts holding that the maxim of the criminal law, *"Ignorantia facti excusat,"* applies seem to be limited to Ohio, North Carolina and Texas. *Farrell* v. *State*, 32 Ohio St. 456, 30 Am. Rep. 614; *State* v. *Powell*, 141 N. C. 780, 6 L. R. A. (N. S.) 477, 53 S. E. 515; *Walker* v. *State*, 50 Tex. Cr. 495, 98 S. W. 843.

Texas has a general statute providing that: "If a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal, he is guilty of no offense." Vernon's Ann. Pen. Code 1916, art. 46.

And it was held in *Patrick* v. *State,* 45 Tex. Cr. 587, 78 S. W. 947, that this statute was applicable to all offenses, unless specially excepted. We find no fault with that holding; the language of the statute is broad enough to apply to crimes both *malum prohibitum* and *malum in se.* The Texas decisions, however, are relied upon by appellant for a reversal, because he says subdivision 4 of section 24 of the Penal Code of 1913 is like the Texas statute just quoted. Section 24 provides that: "All persons are capable of committing crimes except those belonging to the following classes: . . . . (4) Persons who committed the act or made the omission charged under an ignorance or mistake of fact, which disproves any criminal intent."

This clearly has reference to crimes in which "criminal intent" or guilty knowledge is an essential ingredient. It is manifest by the language itself as also by the whole context of section 24. The other "persons" mentioned in section 24 as incapable of committing crimes are children under 14 years of age, not knowing the wrongfulness of their acts, and idiots, lunatics and insane persons etc.—persons incapable of having or entertaining a criminal intent. Persons of sound mind and unquestioned mental competency, and therefore capable of committing crimes, may, in those cases in which a criminal intent is essential, plead as a defense ignorance or mistake of fact for the purpose of disproving any criminal intent. They are, for the purposes of their defense, placed in the same category with persons mentally incompetent to form a criminal intent, but, in that class of acts the mere doing of which is made by law the crime regardless of the purpose or intent, persons of sound mind are not entitled to immunity because of ignorance or mistake of fact. Therefore subdivision 4 can only have reference to those crimes in which a "criminal intent" is necessary. 12 Cy. 147.

In *United States* v. *Stofello,* 8 Ariz. 461, 76 Pac. 611, the defendant was charged with selling intoxicating liquor to an Indian in violation of the laws of Congress. The court held

the ignorance of the defendant that the person to whom the sale was made was an Indian was no defense, in this language:

"It will be noted that the statute, in plain terms, makes the selling, giving, or disposing of intoxicating liquor to an Indian, a ward of the government, under the charge of an Indian superintendent or agent, a crime. The word 'knowingly' is not used in the act, nor is any word of similar import found therein. An examination of the authorities has satisfied us that the offense created by the statute is of that class of crimes in which knowledge or guilty intent is not an essential ingredient, and need not be proven. The doing of the prohibited thing is made an offense, without regard to the purpose or intent. Such crimes are in the nature of police regulations, imposing criminal penalties for their violation, without regard to purpose or intent. The object of such statutes is to require such diligence as will render their violation impossible; the end sought being the protection of the public"—citing cases.

We have in our statutes many laws for the protection of children; thus it is a crime to sell or give to any minor intoxicating liquor, or to permit a minor under 16 years of age to enter any saloon or place of entertainment where intoxicating liquors are sold, or to sell, give, or furnish to any minor under 18 years of age, cigars, cigarettes, cigarette paper, smoking or chewing tobacco of any kind or character, or to use vulgar or obscene language in the presence of any child, and, if it be required that guilty knowledge or criminal intent is essential to a conviction under these statutes, it would result in few convictions, and would largely nullify and defeat the purpose of the laws.

*Haynes* v. *State,* 118 Tenn. 709, 121 Am. St. Rep. 1055, 12 Ann. Cas. 470, 13 L. R. A. (N. S.) 559, 105 S. W. 251, is a leading case in which the court discusses both views here contended for, but sustains the proposition that ignorance of fact is no defense in cases of this character. In that case the court said:

"It is the sale of intoxicating liquors without license which the statute prohibits, and it is unlawful to sell intoxicating liquor of any character without license. This being so, the seller must find out at his peril whether the liquor he pro-

poses to sell is intoxicating or not. Guilty knowledge is not by the statute made an ingredient of the offense.''

In the case and the note thereto (12 Ann. Cas. 471, 472) the cases bearing upon the point show that the great weight of authority sustains the proposition quoted in the decision. We are well satisfied that the court did not err in its refusal to give the instruction requested by appellant, and that it correctly stated the law in the instruction given.

Judgment is accordingly affirmed.

FRANKLIN and CUNNINGHAM, JJ., concur.

───────

As to mistake in beverage as defense to a charge of illegal liquor sale, see notes in 6 L. R. A. (N. S.) 477; 21 L. R. A. (N. S.) 525.