## MURPHY v. UNITED STATES.

Circuit Court of Appeals, Third Circuit.
July 18, 1929.

No. 4005.

William A. Gray, of Philadelphia, Pa., for appellant.

George W. Coles, U. S. Atty., and Henry B. Friedman, Asst. U. S. Atty., both of Philadelphia, Pa.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and FAKE, District Judge.

BUFFINGTON, Circuit Judge. While it took three days to try this case, and many substantial questions were involved, no error is now alleged save a single sentence of the charge as to a reasonable doubt which reads, " 'Reasonable doubt' means a doubt for which some sound reason can be assigned in your minds." Standing by itself and removed from the context, these words might possibly be open to the objection raised in some adjudged cases that a doubt to be reasonable must be one which the juror must be able to justify in the regard of others. But when the instruction in that regard[1] (printed in the margin) is regarded as a whole, it will be seen that the trial judge made no such test, nor did he attempt precisely to define what all agree cannot be so defined. The character of the doubt, the measure of its worth, were, with certain limitations, left wholly to each juror to decide for himself. He was told that reasonable doubt was one which "fails to convince your judgment," one which "fails to convince * * * your conscience," one which "fails to * * * satisfy your reason of the guilt of the accused." It left the whole question of reasonable doubt to the judgment, conscience, and reason of each juryman. He was the arbiter of his own act subject to appropriate limitations; it was left to his own judgment, his own conscience, his own reason. No juror could, under the instruction, have felt he must subject his reasonable judgment to any other test than his own judgment, conscience, and reason. To our mind the instructions given could not and did not mislead the jury or wrong the defendant.

The judgment below is affirmed.

[1] "The burden of proof is on the Government to establish their guilt, and the burden of proof is on the Government to establish their guilt beyond a reasonable doubt.

" 'Reasonable doubt' are words hardly requiring to be defined. You know what 'reasonable doubt' is. It is not incumbent upon the Government to prove the guilt of these men beyond all doubt, because very few human affairs can be shown to exist beyond all possible doubt. 'Reasonable doubt' means a doubt for which some sound reason can be assigned in your minds. It does not mean a doubt which may be conjured up, as sometimes is done, for the purpose of avoiding an unpleasant duty. One court has said it is an honest, conscientious misgiving generated by truth, or the want of it; such a state of proof as fails to convince your judgment, your conscience and to satisfy your reason of the guilt of the accused. That is about all there is to that."