**UNITED STATES v. SUSSMAN et al.**

No. 8566.

District Court, E. D. Pennsylvania.

Feb. 17, 1941.

Thomas J. Curtin, Asst. U. S. Atty., of Philadelphia, Pa., and Edward C. Jaegerman, Sp. Asst. to U. S. Atty., of Washington, D. C., for plaintiff.

Thomas D. McBride, of Philadelphia, Pa., for defendant Samuel Sussman.

William A. Gray, of Philadelphia, Pa., for defendant Howard J. Levitt.

BARD, District Judge.

This case comes before the court on motions by defendants, Howard J. Levitt, individually and trading as Howard J. Levitt and Company, and Samuel Sussman, individually and as president of Pennsylvania Finance Company, Inc., for a new trial.

The instant defendants were indicted on charges of violations of the Criminal Code of the United States and the Securities Act of 1933, as amended, 15 U.S.C.A. § 77a et seq. More particularly, the defendants were charged with: (1) devising a scheme and artifice to defraud and with employing such scheme to defraud in the sale of securities by use of the mails; (2) using the

United States mails to defraud in violation of a law of the United States; (3) using the United States mails to sell and to deliver after sale certain unregistered securities contrary to the law of the United States; and (4) conspiring to violate the provisions of the Criminal Code and Securities Act aforementioned.[1]

All defendants pleaded not guilty and were duly tried before the court and a jury. At the close of the testimony the court directed a verdict of not guilty on two counts of the indictment. The jury returned a verdict of guilty on the remaining twenty counts as to the defendants Samuel Sussman, Howard J. Levitt, Pennsylvania Finance Company, Inc., and the First National Finance Corporation. The other defendants were acquitted.

The present defendants filed motions for a new trial on November 4, 1940, assigning reasons in support thereof.

A very large number of general and specific reasons for a new trial have been presented. The testimony taken at the trial has not been transcribed and made available to the court for consideration. The charge to the jury has been transcribed.

The theory of the Government was that the defendants named in the indictment were all parties to a general scheme to defraud in the sale of securities of the Pennsylvania Finance Company, Inc. Sussman was president of the corporation. The Government offered evidence to show that Levitt, a security broker, would underwrite and distribute large blocks of stock of the Pennsylvania Finance Company, Inc.; that large blocks of stock of the company were obtained by Levitt from Sussman at less than their par value and that part of the purchase price was kicked back or rebated from Sussman to Levitt; that free common stock was given to Levitt; that Levitt sold the stock to the public and that as part of the scheme, moneys that were represented to be earnings on the shares were paid out of capital as dividends; and that false statements were sent through the mail concerning the company's financial standing.

The primary objection of the defendants is to the admission of the books of the Pennsylvania Finance Company, Inc. It is argued that they were not properly proven and that they were inadmissible against the defendants.

I am not persuaded by the argument of defense counsel that the books and records were not properly proven. The witness Ethel G. Elder identified certain entries in the books as having been made by her, some having been made by other employees under her supervision, and in other instances, identified the handwriting of certain employees. She not only worked for the Pennsylvania Finance Company up until the time it was placed in receivership, but also continued to work as an employee during the receivership, and positively identified these books, records and documents as being the books, records and documents of the Pennsylvania Finance Company.

Under these circumstances I am satisfied that the books and records were properly proven and properly admitted against Sussman and Levitt. United States v. Greene, D.C., 146 F. 793; Parker v. United States, 2 Cir., 203 F. 950; Livezey v. United States, 5 Cir., 279 F. 496, certiorari denied, 260 U.S. 721, 43 S.Ct. 12, 67 L.Ed. 481. Furthermore, in the charge to the jury, the extent to which they were to be considered as evidence against the various defendants was specifically defined at their request. Concerning these definitions, I then stated and now consider that they were more than adequate to safeguard the defendants against misapplication of the evidence contained in the books. To have sustained further objections or accepted other suggestions concerning the books, would have excluded them from proper as well as improper consideration by the jury.

Another objection concerns the adequacy of the Government's proof that the securities sold were not registered as required. The Government offered authenticated certificates in evidence to the effect that a search of the records of the office of the Securities and Exchange Commission where the securities sold should have been registered failed to disclose that any registration certificate had been filed. There

[1] Section 17 (a) (1) of the Act of May 27, 1933, c. 38, Title I, 48 Stat. 84, 15 U.S.C.A. § 77q(a)(1); Section 215 of the Act of March 4, 1909, c. 321, 35 Stat. 1130, 18 U.S.C.A. § 338; Section 5 (a)(1) and (2) of the Act of May 27, 1933, c. 38, Title I, 48 Stat. 77, as amended by the Act of June 6, 1934, c. 404, § 204, 48 Stat. 906, 15 U.S.C.A. § 77e(a)(1) and (2). The conspiracy statute is Section 37 of the Act of March 4, 1909, c. 321, 35 Stat. 1096, 18 U.S.C.A. § 88.

was also testimony by an employee of Levitt that he had asked the defendant Levitt concerning registration and had been told none was necessary. Furthermore, the defendants did not controvert the allegation or evidence of nonregistration.

■ The defendants question the admissibility of the authenticated certificates. The enactment under which they were admitted, 28 U.S.C.A. § 661, authorizes admission of duly authenticated copies of records or other documents of executive departments of the United States. Obviously, a copy of a registration statement could not be adduced if there had been no registration. Since the nonexistence of any registration statement was material, and the significance and efficacy of a certificate to that effect was deemed to be supported by the aim and import of the statute, the defendants' objections were overruled. I am satisfied that this was not error.

■ The defendants argue that the jury should have been charged that it was not unlawful to sell an unregistered security unless it was known by the defendants: (1) that the security should have been registered; (2) that it was not registered; and (3) that sale of unregistered securities was forbidden. It was ruled at the trial that it was sufficient to establish that the defendants wilfully and intentionally sold or delivered unregistered securities by use of the mails. I did not then and do not now conceive an element of the crime charged in counts 15 to 21, inclusive,[2] to be actual knowledge that a security was being sold in violation of the law.

■ Particular stress was laid in the arguments and briefs upon the charge to the jury relative to reasonable doubt. Specifically, the objection was to that portion of the charge which reads: "The term reasonable doubt means a doubt for which a good reason can be given in the light of all the evidence." The statement concludes: "It means a doubt which is substantial and not merely shadowy. It does not mean a doubt which is merely capricious or speculative. Neither does it mean a doubt born of reluctance on the part of a juror to perform an unpleasant duty or a doubt arising out of sympathy for a defendant, or out of anything other than a candid consideration of all of the evidence presented."

After the Court had given its instructions to the jury and ruled on the points for charge, a short recess was taken to give counsel an opportunity to take exceptions to the charge and to present additional requests. The District Attorney then handed to the Court the charge of Mr. Justice Van Devanter given to the jury at the trial held in New York City in the case of United States v. Graham, McKay, et al., 2 Cir., 102 F.2d 436, certiorari denied, 307 U.S. 643, 59 S.Ct. 1041, 83 L.Ed. 1524. The District Attorney then specifically requested that the Court define reasonable doubt as defined by Mr. Justice Van Devanter. The quoted statement on reasonable doubt cited in the preceding paragraph was taken from the charge of Mr. Justice Van Devanter. Defendants now contend this instruction on reasonable doubt was contrary to Pennsylvania Law.

The instruction taken in connection with the entire charge did not prejudice the defendants. The charge is replete with references to reasonable doubt. At the outset, reasonable doubt had been described as follows: "Reasonable doubt does not mean just any possible doubt you might have, but it means such reasonable doubt as a careful, prudent and reasonable man ought to entertain in the circumstances proven. That is, it means reasonable moral certainty that all reasonable doubt of the defendant's guilt is excluded by the evidence. This rule requires greater certainty than might be necessary in a civil case. If there are reasonable doubts in your mind about the guilt of any defendant of any charge in the indictment, he is entitled to the benefit of such reasonable doubt, and to acquittal on that charge." The language quoted in this paragraph is similar to the language used by Judge Underwood in his charge in the Kopald-Quinn case which was affirmed in (Kopald-Quinn & Co. v. United States), 101 F.2d 628 in an opinion in which the Circuit Court of Appeals of the Fifth Circuit specially commented on the fairness of the charge, page 630. Taking the charge as a whole, and considering all the references to reasonable doubt, I do not think the instructions misled the jury or wronged the defendants. Murphy v. United States, 3 Cir., 33 F.2d 896.

I have considered, but find it unnecessary to discuss the remainder of the reasons as-

---

[2] The offenses in these counts were charged as being violative of the Act of May 27, 1933, c. 38, Title I, Sec. 5(a) (1) and (2), 48 Stat. 77, 15 U.S.C.A. § 77e(a) (1) and (2).

signed for new trial. Those deemed of particular weight and materiality have been dealt with herein.

For the reasons set forth, I conclude that the motions for new trial must be denied.

So ordered.