474 P.2d 849

The STATE of Arizona, Appellee,

v.

Burt E. BURROW, Appellant.

No. 2 CA–CR 226.

Court of Appeals of Arizona, Division 2.

Oct. 5, 1970.

Review Denied Dec. 1, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, and John S. O'Dowd, Asst. Attys. Gen., for appellee.

Gordon T. Alley, Tucson, for appellant.

KRUCKER, Judge.

Defendant, Burt E. Burrow, was informed against for the sale of unregistered securities, eleven counts, and of carrying on

transactions as an unregistered dealer, eleven counts. A jury convicted him on ten counts; as to the remaining counts, they were dismissed or verdicts of acquittal were rendered. Judgment was entered and defendant was sentenced to not less than two nor more than three years on each count, to run concurrently. Defendant's motion for a new trial was denied, and he appeals.

The facts are as follows. Defendant, an electrician by trade, came to Tucson to begin a new career in the oil business with his uncle. The two made various contacts in the community to sell oil property in Illinois. In particular, they allegedly sold at least eleven oil leases to various private parties.

Defendant presents the following issues on appeal:

1. The trial court erred in allowing conviction on multiple counts when the evidence to support each was identical.

2. The trial court erred in instructing the jury.

We take these issues in order.

■ Defendant contends that the trial court should have granted a new trial. In particular, he points to the unexplained finding of guilty as to some counts and not guilty as to others, when the evidence was virtually identical for each sale.[1] For example, defendant points out that a Mr. Gekas testified on Counts 13 and 14 that defendant signed an oil lease in Mr. Gekas' office. Mr. Gekas also testified as to Counts 17 and 18 that an identical oil lease was signed in his office. The jury convicted defendant as to the sale in Counts 13 and 14 and acquitted him of the sale in Counts 17 and 18.

In State v. Zakhar, 105 Ariz. 31, 459 P.2d 83 (1969), defendant was charged with kidnapping with intent to commit rape, lewd and lascivious acts, attempted second-degree rape and aggravated assault. A jury found him guilty of the first two offenses and not guilty of the latter two. Defendant contended the inconsistency of the verdicts required setting aside the two convictions. The Supreme Court, in a considered opinion, overruled earlier cases on this point and held as follows:

"* * * The cases on this question, gathered in 18 A.L.R.3d, 259, show that in most jurisdictions the rule is that consistency between the verdicts on the several counts of an indictment is unnecessary.

The leading case on the subject is Dunn v. United States (1932), 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, in which Justice Holmes said:

'The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.'

It is well-known that in the privacy of the jury room, instructions are not always understood and followed. Compromises are made. The jury in the instant case could have found defendant guilty on two counts and at the same time decided that two convictions were enough and that he should be acquitted of the other two counts.

If leniency or compromise led the jury to determine that they should acquit defendant on the charge of assault, then it is obvious they did not intend the acquittal to mean that the prosecuting witness consented to the indecencies that were committed against her. Had the jury thought that its exercise of mercy would provide defendant with a basis for

---

1. Each sale involved one count of each of the two charges, such that facts of each sale were presented in pairs of counts.

Defendant's conviction on ten counts, in short, was a conviction as to five sales.

claiming that he could not be sentenced for the crimes of which he was found guilty, it is quite possible that there would have been guilty verdicts on all four charges." 105 Ariz. at 32–33, 459 P.2d at 84.

In the instant case, no one challenges the sufficiency of the evidence to support conviction as to all counts. At the same time, the jury obviously chose to believe the witness only as to some counts or decided to be lenient. We believe the jury is perfectly free to so do.

■ Defendant also contends the court erred in instructing the jury as follows:

"When the evidence shows that a person voluntarily did that which the law forbids and which it declares to be a crime, he has no defense in the fact, if it be a fact, that he did not know that his act was unlawful or that he believed it to be lawful."

In particular, he contends the instruction violates the rule which requires a defendant have criminal intent. They cite A.R.S. § 13–134, which reads:

"The following persons shall not be punished for their acts or omissions:

1. Those who committed the act or made the omission charged under an ignorance or mistake of fact, which disproves any criminal intent.

2. Those who committed the act charged without being conscious thereof.

3. Those who committed the act or made the omission charged through misfortune or by accident, when it appears that there was no evil design, intention or culpable negligence."

\* \* \* \* \* \*

Our Supreme Court has held that in the area of criminal intent, legislative policy fixes two types of crimes, those which require an evil intention and those which the mere doing of the act is criminal, in which case only an intent to so act is required These latter acts, commonly denominated *malum prohibitum,* usually involve conduct which so threatens the public that there must be absolute prohibition. Troutner v. State, 17 Ariz. 506, 154 P. 1048 (1916); 21 Am.Jur.2d Criminal Law §§ 81–91.

In the instant case we are confronted with statutes dealing with the sale and registration of securities and sales by unregistered dealers. The trial court, in delivering the instruction it did, obviously construed the statute as *malum prohibitum.*

■ The general rule is that the intent of the legislature is determinative of whether a criminal statute is *malum prohibitum* or *malum in se.* *Troutner,* supra; State v. Cutshaw, 7 Ariz.App. 210, 437 P.2d 962 (1968); 21 Am.Jur.2d Criminal Law § 91. The two sections here, A.R.S. § 44–1841 and § 44–1842, in all inclusive language prohibit the acts in question. No element of specific intent is mentioned, and the very subject matter of the statutes in question as a creature of modern commercial practice places them in the mainstream of modern "strict liability" statutes as *malum prohibitum* crimes are sometimes denominated.

We concur with the trial court's determination that the statutes are *malum prohibitum* and therefore the instruction was proper.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.