217 N.J. Super. 130 (1987)
524 A.2d 1321
ELIZABETH C. GRAHAM, APPELLANT,
v.
NEW JERSEY REAL ESTATE COMMISSION, RESPONDENT.
DOROTHY T. WARD, APPELLANT,
v.
NEW JERSEY REAL ESTATE COMMISSION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 31, 1987.
Decided April 27, 1987.
*133 Before Judges MICHELS, O'BRIEN and LANDAU.
W. Robb Graham argued the cause for appellant Elizabeth C. Graham.
Francis R. Ward argued the cause for appellant Dorothy T. Ward.
Sarah T. Darrow, Deputy Attorney General, argued the cause for respondent (W. Cary Edwards, Attorney General of New Jersey, attorney; Sarah T. Darrow, of counsel and on the letter brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Appellants Elizabeth C. Graham (Graham) and Dorothy T. Ward (Ward) appeal from final administrative actions of the New Jersey Real Estate Commission (Commission), which denied their respective applications for relicensure as real estate salespersons. The denials were based upon appellants' failure to apply for renewal within a period of two years after expiration of their last licenses or to satisfy the statutory educational and examination requirements. N.J.S.A. 45:15-9. We consolidated these appeals because they involve common questions of law.
Having previously met the statutory requirements, appellants Graham and Ward became licensed real estate salespersons in this State. On June 30, 1981 and January 12, 1983, respectively, Graham and Ward returned their licenses to the Commission. See N.J.S.A. 45:15-14. Under the then existing statutory scheme, appellants had five years from the date of surrendering their licenses in which to renew them without having to attend a real estate school and pass an examination.
At the time that appellants allowed their licenses to expire, N.J.S.A. 45:15-9 provided in part:
In [the] event that any person to whom a salesman's license has been or shall have been issued shall fail to renew such license or obtain a new license for a *134 period of 5 consecutive years or more after the expiration of the last license the commission may require such person to attend school and pass an examination, or either thereof, prior to issuance of a further license. [L. 1977, c. 331, § 2].
However, when Graham applied for relicensure in February 1986, and Ward applied in June 1986, each within the prior five-year time period, the Commission denied their applications, advising them that they would have "to attend an approved school and pass the state examination prior to issuance of a further license." As explained in the Commission's letters to appellants, their applications had been denied as the result of an amendment to N.J.S.A. 45:15-9. Effective May 1, 1984, the amended statute, in pertinent part, provided:
In [the] event that any person to whom a salesman's license has been or shall have been issued shall fail to renew such license or obtain a new license for a period of two consecutive years or more after the expiration of the last license, the commission shall require such person to attend an approved school and pass the State examination prior to issuance of a further license. [L. 1983, c. 456, § 1].
In 1985, N.J.S.A. 45:15-9 was further amended to establish a 90-day grace period in which certain real estate salespersons, whose licenses had lapsed under the previous amendment, could renew their licenses without having to fulfill any additional requirements. This amendment read as follows:
1. Any person who met the requirements under R.S. 45:15-9 for renewal of a broker's license or a salesman's license on April 30, 1984, may apply to the New Jersey Real Estate Commission [for] renewal of the license on or before the 90th day following the effective date of this act and shall obtain the license.
2. The commission shall publish within 30 days of the effective date of this act a notice containing the language of section 1 of this act except that the commission shall supply the date certain of the 90th day following the effective date of this act and a brief description of the reduction of the statutory period for renewal of inactive licenses made by P.L. 1983, c. 456.
The notice shall be published at least twice during the 30 day period in one or more newspapers circulating in each county in this State. [L. 1985, c. 180, §§ 1 and 2].
This 90-day period commenced on June 10, 1985 and continued until September 8, 1985.
Pursuant to the statutory mandate, the Commission advertised the grace period in numerous newspapers throughout the State. Moreover, through a direct mailing on June 18, 1985, the Commission informed all real estate offices, all approved *135 real estate schools and all boards of realtors in the State of the 90-day grace period. The Commission also responded to telephone inquiries by sending callers a copy of the notice of the grace period and the appropriate license application. Additionally, the 1983 and the 1985 amendments to N.J.S.A. 45:15-9 were published and distributed by the Legislative Services Commission and the Office of Legislative Services pursuant to N.J.S.A. 1:3-1 et seq.. However, neither appellant received direct or individual notification of the amendments to N.J.S.A. 45:15-9, and neither applied for relicensure within the 90-day grace period. In order for appellants to become relicensed now, they will be required "to pay for and attend seventy-five hours of class, as well as pass the New Jersey Real Estate Examination." See N.J.S.A. 45:15-10.1; N.J.A.C. 11:5-1.27.
Appellants contend that the amendment to N.J.S.A. 45:15-9 violated their due process rights under the Fourteenth Amendment of the Constitution of the United States and destroyed their vested interests in their respective New Jersey real estate salesperson's licenses. They claim essentially that they were not given adequate notice of the change in the licensing law that reduced from five to two years the period in which they could renew their expired licenses without attending an approved school and passing an examination. We disagree and affirm.
Requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548, 556 (1972). An occupational license is in the nature of a property right, In re Polk License Revocation, 90 N.J. 550, 562 (1982), DeVitis v. New Jersey Racing Com'n, 202 N.J. Super. 484, 493 (App.Div. 1985), certif. den. 102 N.J. 337 (1985); cf. Bechler v. Parsekian, 36 N.J. 242, 256-257 (1961), and thus any deprivation thereof is subject to the protection of due process. See Mathews v. Eldridge, 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18, 31-32 (1976); State in Interest of *136 D.G.W., 70 N.J. 488, 502 (1976). However, a protected right in a professional license comes into existence only after a license has been obtained. An applicant for a license has merely an expectation of obtaining a property interest. Such an expectation is not afforded the same protection under the Fourteenth Amendment as is the property right itself. See Valdes v. New Jersey State Bd. of Medical, 205 N.J. Super. 398, 405 (App.Div. 1985).
At the time N.J.S.A. 45:15-9 was amended, neither Graham nor Ward had a vested property right in a New Jersey real estate salesperson's license. New Jersey real estate licenses must be renewed annually. See N.J.S.A. 45:15-10; N.J.S.A. 45:15-15. Since Graham and Ward failed to remit the necessary renewal fees, their licenses lapsed on June 30, 1981 and January 12, 1983, respectively, and, thus, neither held a valid real estate salesperson's license when N.J.S.A. 45:15-9 was amended in 1983. They merely had an expectation that their applications for licenses would be considered by the Commission pursuant to N.J.S.A. 45:15-9. Indeed, Graham's and Ward's applications for relicensure were accorded the same consideration under the statute as were those of all others. Appellants' applications were properly denied because neither had met the prerequisites  satisfactory completion of a 75-hour real estate course and passing an examination administered by the Commission, see N.J.S.A. 45:15-10; N.J.S.A. 45:15-10.1  for licensure.
At the time Graham and Ward returned their licenses to the Commission, N.J.S.A. 45:15-9 granted them a right of renewal for a five-year period without the necessity of attending school and passing an examination. However, our Legislature subsequently amended the statute. Thus, although both may have expected that their applications would be reviewed under N.J.S.A. 45:15-9 as it existed prior to the 1983 and 1985 amendments, the Commission was required to apply the amended version of the law to their applications. Both the plain language of the amendments and the legislative history thereof *137 mandate that the new educational and testing requirements be applied to all individuals who apply for licensure after the effective dates of the amendments. The Senate Labor, Industry and Professions Committee Statement to the 1983 Amendment explicitly so stated:
... This bill would also eliminate the discretion of the New Jersey Real Estate Commission to waive the various requirements for license reapplication by those brokers and salesmen whose licenses have lapsed beyond the statutory limits. ... [Annotations to N.J.S.A. 45:15-9 as amended by L. 1983, c. 456, § 1 (Emphasis supplied)].
Thus, any former real estate licensee who was unable to or who failed to avail himself of the 90-day grace period established by the 1985 amendment to N.J.S.A. 45:15-9 is now required to attend school and take the state examination before another license can be issued. The Legislature has stripped the Commission of any discretion concerning these requirements.
The result we reach here is entirely consistent with the legislative and public policy objectives of our statutes governing the licensing of real estate salespersons and brokers. The 1983 amendment to N.J.S.A. 45:15-9 was part of a comprehensive legislative plan designed to assure the public that real estate licensees would be more knowledgeable and competent. The Legislature sought to accomplish that goal by two means: first, by increasing the length of the educational course for all applicants for licensure, see N.J.S.A. 45:15-10.1; and second, by requiring reapplicants, whose licenses have been expired for more than two years, to upgrade their education and retake the state examination. See N.J.S.A. 45:15-9. The 75-hour salesperson's course required by the Commission includes more than 20 class hours on New Jersey law and at least five hours on federal law and the laws of other states and municipalities. See N.J.A.C. 11:5-1.27.
These requirements are rationally related to the goals of the licensing law. The licensing law was designed to place all aspects of the real estate business in the hands of qualified, licensed brokers and salespersons and to exclude the incompetent from the profession in order to protect the public. The *138 real estate licensing law thus serves a strong public policy of this State. Tanenbaum v. Sylvan Builders, Inc., 29 N.J. 63, 71 (1959). The public has a right to expect that real estate licensees are knowledgeable in the current real estate laws and industry trends. The amendment to N.J.S.A. 45:15-9 clearly serves that end.
By amending N.J.S.A. 45:15-9, the Legislature recognized and acted upon a very real concern that former real estate licensees cannot be relied upon to take the initiative to educate themselves concerning changes in the real estate industry and real estate laws before applying for relicensure. Graham and Ward themselves demonstrate that this concern may be well-founded. They were admittedly out of touch with active licensees and completely unaware of two major statutory amendments to the real estate licensing law until months after their enactment. Their expectations that the State would personally inform them of significant changes in the law during the period when they had allowed their professional licenses to lapse were unrealistic. Moreover, neither the United States Constitution, the New Jersey Constitution, nor the real estate licensing laws requires the Commission to give individual and actual notice of valid legislative action to potentially affected citizens or professional licensees. To the contrary, every person is conclusively presumed to know the law, statutory and otherwise. In re Mild, 25 N.J. 467, 485 (1957); Widmer v. Twp. of Mahwah, 151 N.J. Super. 79, 83 (App.Div. 1977). Cf. State v. Russell, 119 N.J. Super. 344, 351 (App.Div. 1972) ("The potential for serious financial injury to the buying public mandates that all sellers of securities be charged with knowledge of and compliance with all rules and regulations governing such sales.").
Moreover, the amendment of N.J.S.A. 45:15-9 was a valid exercise of the State's police power. In the interest of protecting the public, the Legislature amended N.J.S.A. 45:15-9, thereby reducing the time period in which a lapsed or expired license could be reinstated without further education and examination. *139 That this legislation may have adversely affected or diminished the rights appellants enjoyed under the former statutory provisions does not render the State's action unconstitutional. As our Supreme Court explained in Rothman v. Rothman, 65 N.J. 219, 225-226 (1974):
Of course, not all retrospective statutes are unconstitutional. A traditional formulation of the applicable rule states that retroactive legislation is constitutionally offensive only to the extent that it modifies or abrogates "vested rights." But, as has been noted,
the term "vested right" is conclusory  a right is vested when it has been so far perfected that it cannot be taken away by statute.
A state may, in the exercise of the police power, enact a statute to promote the public health, safety, morals or general welfare. Such a statute, because of retroactive application or otherwise, may diminish in value or totally destroy an individual's right, whether in property as such or arising out of contract, provided that the public interest to be promoted sufficiently outweighs in importance the private right which is impaired.... In [many] cases ... the court has, after examining the importance of the public interest served by the statute and comparing it with and balancing it against the quality and value of the right affected by the retroactive legislation, reached the conclusion that the state statute in question represented a valid exercise of the police power, despite the fact that in each case there was some clear incursion upon individual private rights. (Citations omitted).
See also Polk, supra, 90 N.J. at 562 (occupational licenses have always been "subject to reasonable regulation in the public interest.") The Legislature plainly concluded that the public interest in licensing only those persons who are competent, according to current educational standards, outweighs any inconvenience to individuals such as Graham and Ward who apply for relicensure after two years of inactivity. In our view, this state action was entirely permissible under our constitution.
Furthermore, we emphasize that the amendment to N.J.S.A. 45:15-9 does not prohibit Graham, Ward or others similarly situated from obtaining a real estate salesperson's license. The amendment simply requires them to attend an approved school and pass a state examination before receiving their new licenses. The sole adverse effect of the 1983 amendment to N.J.S.A. 45:15-9 on such individuals will be that their licensure will be delayed while they complete the educational and testing requirements.
*140 Beyond this, even if Graham and Ward had a protected property interest in their expired licenses, the notice provided by the Commission accorded them due process. The Legislature required that the Commission publish notice of the 90-day grace period created by the 1985 amendment to N.J.S.A. 45:15-9 within 30 days of the effective date thereof. Said notice had to appear at least twice during a 30-day period in one or more newspapers circulating in each county of this State. The Commission complied meticulously with that requirement. Moreover, the Commission informed all real estate offices, all approved real estate schools and all boards of realtors by direct mail of the 90-day grace period. To require the Commission to notify personally the thousands of persons whose licenses had lapsed or expired as of 1984 would not be reasonable even if possible. In our view, the notice given here was adequate and reasonably calculated to apprise all interested parties of the change in the legislation. See Mullane v. Central Hanover B. & T. Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950).
Accordingly, the Commission's action in denying the applications of Graham and Ward for relicensure as real estate salespersons is affirmed.