254 N.J. Super. 154 (1991)
603 A.2d 118
GERTRUDE M. POOLE, PLAINTIFF,
v.
MONMOUTH COLLEGE, A NON-PROFIT ORGANIZATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division Monmouth County.
Decided July 17, 1991.
*157 Robert J. Haney (Carchman, Annich & Sochor, attorneys), for plaintiff.
Howard I. Masia (Chamlin, Rosen, Cavanagh, Uliano & Manna, attorneys), for defendant.
CUFF, J.S.C.
Plaintiff, Gertrude Poole, a former employee of Monmouth College, brings this action pursuant to 29 U.S.C.A. § 1132(a)(1)(B) to recover health benefits due to her under the terms of her employee health benefit plan, to enforce her rights under the terms of the plan and to clarify her rights to future benefits under the terms of the plan. Jurisdiction in this court is predicated on 29 U.S.C.A. § 1132(e). The following constitutes the undisputed facts in this case:
Gertrude M. Poole had been employed by Monmouth College, a private employer, since 1982. She had health problems before her employment and was evaluated for open heart surgery during her employment. In 1987, she applied for and was considered for medical leave of absence. By November 1989, it was clear that she would be terminated on or about January 2, *158 1990 due to failure to achieve tenure and the expiration of her last contract period. At that time, she was provided with a COBRA benefit letter, describing her entitlement to 18 months of eligibility for group health coverage following termination, so called "COBRA continuation coverage." Poole acknowledged receipt of the notice on November 13, 1989 and elected to continue coverage thereunder on or about February 27, 1990.
On December 19, 1989, certain amendments became effective which allowed a person eligible for COBRA continuation benefits to obtain an additional 11 months of eligibility, i.e. a total of 29 months, if the participant is determined eligible for disability benefits under the Social Security Act after termination of employment. Poole was not notified of this amendment and the possibility of extended benefits prior to her termination on January 2, 1990 or prior to her election of benefits on February 27, 1990, or at any time prior to her inquiry in August 1990. Shortly after January 2, 1990, Poole applied for Social Security disability insurance. On March 5, 1990, Poole was determined by the Social Security Administration to be entitled to Social Security disability insurance payments, and it was also determined that she had been disabled as of December 29, 1989, prior to her termination.
Poole learned of the amendment and the extended benefits on her own in August 1990, which was within the existing 18-month COBRA coverage, and promptly notified Monmouth College of her right to an extension. Monmouth College replied in November 1990, denying Poole was entitled to coverage for 29 months, stating that the college did not have a record of her disability at the time of her termination.
Two issues are before this court: 1) whether this court has jurisdiction to grant the requested relief; and 2) whether, assuming jurisdiction, Gertrude Poole is entitled to 29 months of COBRA continuation benefits.
The threshold issue is jurisdiction. Defendant argues that, having filed a complaint with the United States Department *159 of Labor, plaintiff is precluded from initiating this action. Defendant does not dispute that, but for the administrative claim, this court has jurisdiction pursuant to 29 U.S.C.A. § 1132(e) for civil actions brought pursuant to 29 U.S.C.A. § 1132(a)(1)(B).[1]
The sole relief a state court may grant is recovery of benefits, enforcement or clarification of rights under the plan. The injunctive relief authorized by 29 U.S.C.A. § 1132(a)(3) is not within the concurrent jurisdiction of a state court. Thus, a state court may not exercise its full equitable jurisdiction, although the practical effect of enforcement of rights under the plan may yield the same results. Gresham v. Mass. Mut. Life Ins. Co., 248 N.J. Super. 64, 69-70, 590 A.2d 241 (App.Div. 1991).
Defendant argues that, having filed the complaint with the Department of Labor, plaintiff must exhaust her administrative remedies. It is undisputed that no action has been taken on the complaint initiated by plaintiff. It is also undisputed that, unless extended, plaintiff's COBRA continuation benefits will expire on August 1, 1991.
Defendant initially did not cite any authority in support of its position other than the general maxim that one must exhaust one's administrative remedies. Our research reveals *160 that a participant or beneficiary may be required to exhaust administrative remedies prior to suing an employer. However, the administrative remedies which must be exhausted are those remedies established by the plan rather than any claim procedure established by the secretary of labor. See Amato v. Bernard, 618 F.2d 559 (9 Cir.1980); Scheider v. United States Steel Corp., 486 F. Supp. 211 (W.D.Pa. 1980). The case cited by defendant in a supplemental submission, Wolf v. National Shopmen Pension Fund, 728 F.2d 182 (3 Cir.1984) does not address the precise issue before the court and further is consistent with the general rule that the only exhaustion which is required is the internal plan remedies. Defendant has not raised any claim that plaintiff has failed to exhaust any remedies established under the Monmouth College plan. Accordingly, I conclude that this argument raised belatedly at oral argument must fail.[2] Thus, the next issue to be addressed is whether Gertrude Poole is entitled to the additional 11 months of coverage.
The Comprehensive Omnibus Budget Reconciliation Act of 1985 (COBRA), imposed continuation of health benefits provisions on private employer group health plans. Continuation of coverage is implemented through three statutes, (the Employee Retirement Income Security Act, Internal Revenue Code and Public Health Code) which are parallel and are amended together, as they were, in sections 6701(b) and 6801 of P.L. 101-239, the amendments in issue here. The Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. § 1161 et seq., imposes continuation coverage requirements under ERISA. Enforcement mechanisms under ERISA are available under these provisions. 29 U.S.C.A. § 1132.
It is undisputed on or about January 2, 1990, Poole became entitled to COBRA continuation coverage due to termination of *161 employment, a qualifying event under 29 U.S.C.A. § 1163(2).[3] There are six qualifying events according to the statute. Poole was a "qualified beneficiary," a term usually defined as the spouse or dependent child of an employee covered under a group health plan as of the day prior to a qualifying event, 29 U.S.C.A. § 1167(3)(A),[4] except that the term also includes the employee when termination is the qualifying event, 29 U.S.C.A. § 1167(3)(B),[5] and thus, for this litigation, the term "qualified beneficiary" includes the employee herself. The required maximum period of coverage for such a qualifying event is 18 months, under 29 U.S.C.A. § 1162(2)(A)(i).[6]
There is a recently enacted provision relating to maximum period of COBRA continuation coverage for Social Security disability. This is not listed as a qualifying event, but is related to disability status at termination. This provision was added by P.L. 101-239, § 6701, 103 Stat. 2294, effective December 19, 1989. This provision extends the maximum period of COBRA continuation coverage related to termination, to 29 months.
29 U.S.C.A. § 1162(2)(A)(v), 103 Stat. 2294, provides:[7]

*162 In the case of a qualified beneficiary who is determined, under Title II[8] or XVI[9] of the Social Security Act, to have been disabled at the time of a qualifying event described in Section 1163(2) of this Title, [termination], any reference in clause (i) or (ii) to 18 months with respect to such event is deemed a reference to 29 months, but only if the qualified beneficiary has provided notice of such determination under Section 1166(3) of this Title before the end of such 18 months.
Hence, under its provisions, if a "qualified beneficiary" is "determined" to have been disabled at the time of termination of employment, the continuation coverage is extended to 29 months, "but only if" the qualified beneficiary has provided notice of such determination before the end of the 18-month period provided for ordinary termination. In the facts of this case, this would indicate that notice of determination of disability provided in August 1990, or anytime within 18 months of January 2, 1990, would suffice.
The court concludes that this case is precisely within the legislative expectation of the amendment: the disabling event which often gives rise to the termination triggers a post-termination application for Social Security which is granted within the initial 18-month benefit continuation period. No pretermination application for disability is necessary since the individual is still working. After losing the job, the employee seeks social security disability. 42 U.S.C.A. § 423(d)(1)(A), defines disability as:
inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....
This provision frequently involves administrative adjudication which takes time and part of the test itself involves conditions measured over time. Hence, the terms of both COBRA and SSDI show a congressional understanding that disability is *163 often determined after the passage of time after termination of employment.
A disabled, terminated employee needs COBRA coverage after employment for 29 months, until Medicare eligibility takes effect. This delay involves 24 months under 42 U.S.C.A. § 1395c plus a five-month waiting period under 42 U.S.C.A. § 423(c)(2). Hence, the determination of disability insurance eligibility is made, as Congress might have expected, during the 18 months following termination, while continuation coverage is still operative. Upon a disability determination notice being provided, continuation coverage is extended, without interruption, until 29 months expires, at which time the SSDI beneficiary becomes eligible for Medicare coverage pursuant to yet another provision, 42 U.S.C.A. § 1395c.
Defendant argues, citing 29 U.S.C.A. § 1166(a)(3), that plaintiff Poole is not entitled to the extension benefits granted by the amendment because she did not notify Monmouth College within 60 days after she was determined to be disabled. 29 U.S.C.A. § 1166(a)(3) provides in pertinent part:
... Each qualified beneficiary who is determined under Title II or XVI of the Social Security Act, to have been disabled at the time of a qualifying event described in Section 1163(2) is responsible for notifying the plan administrator of such determination within 60 days after the date of the determination....
Defendant Monmouth College argues that her August 1990 notice was too late since the decision concerning her disability status was rendered on March 5, 1990. The court concludes that defendant's reliance on this section to bar an extension of benefits for plaintiff is misplaced in this or any case where the employer or plan administrator has not provided the participant with information regarding the availability of the increased benefits.
The language of § 1166(a)(3) is consistent with the statutory scheme which requires the employer to provide benefit information and allows the participant to make an informed election of benefits. By its terms it assumes that the participant is aware of the benefits and one's opportunity to elect and apply for *164 extended continuation benefits. It cannot be used as a shield to bar an extension of benefits when the employer has defaulted on its fundamental obligation to inform the participant of all available benefits. Indeed, any other interpretation of this statutory notice requirement would ignore the very purpose of this remedial legislation. See U.S. v. One Hazardous Product Consisting of a Refuse Bin, 487 F. Supp. 581 (D.N.J. 1980).
Monmouth College also argues that it should not be required to provide these benefits because it was not aware of Poole's medical condition prior to her termination. The statute, however, does not condition the extended benefits on the plan administrator's perception of the employee's state of health. Furthermore, defendant Monmouth College conceded that its knowledge of Poole's health was irrelevant since it does not have variable notices based on their perception of the employee's health.
Finally, Monmouth College argues that it should not be required to provide the extended coverage or pay penalties because it was not aware of the amendment and their denial of the benefit extension was out of ignorance rather than wilfulness or malice. This argument, however, ignores the fact that Congress has required the plan sponsor of each employee health plan to allow eligible participants to elect continuation coverage under the plan, 29 U.S.C.A. § 1161(a), and to provide notice of available benefits upon the occurrence of a qualifying event such as termination, 29 U.S.C.A. § 1166(a)(4). No exception has been made for recent amendments which expand or contract benefits. Furthermore, this argument runs contrary to the presumption that every person knows the law. See Graham v. New Jersey Real Estate Comm., 217 N.J. Super. 130, 524 A.2d 1321 (App.Div. 1987); State v. Russell, 119 N.J. Super. 344, 291 A.2d 583 (App.Div. 1972). Indeed, such a defense would appear totally inconsistent with the fiduciary duties imposed on the employer or plan administrator by Congress.
*165 In this case, it is undisputed that the amendments extending COBRA continuation benefits became effective on December 19, 1989 and plaintiff's termination became effective January 2, 1990. Furthermore, her former employer as administrator of the employee health benefits plan had an obligation to accurately inform her of the COBRA continuation benefits to which she was entitled. Finally, the qualifying event, i.e., a determination that she was disabled, was made within the initial 18-month period. Accordingly, I find that Gertrude Poole is entitled to the 29-month period of COBRA continuation benefits provided by 29 U.S.C.A. § 1162(2)(A)(v). I further find that the monthly premium is $295.52.[10]
The final issues to be addressed are whether plaintiff is entitled to the statutory penalties provided in 29 U.S.C.A. § 1132(c)(1) and attorneys fees and costs as provided in 29 U.S.C.A. § 1132(g)(1). Pursuant to § 1132(c)(1) any penalty is within the discretion of the court. Based on the record before the court, it would be inappropriate to assess a penalty without a complete record regarding the information possessed by Monmouth College regarding the amendment, when they acquired this information,[11] and the manner in which plaintiff's request was processed. Thus, a ruling on penalties and attorneys fees *166 must abide an evidentiary hearing on these issues, which shall be conducted on Monday, August 5, 1991, at 9 a.m.
NOTES
[1] 29 U.S.C.A. § 1132(e)(1) provides:

(e) Jurisdiction. (1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this title brought by the Secretary or by a participant, beneficiary, or fiduciary. State Courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.
29 U.S.C.A. § 1132(a)(1)(B) provides:
A civil action may be brought 
(1) by a participant or beneficiary 
....
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan....
[2] In its answer, defendant Monmouth College failed to raise any defense of failure to exhaust administrative remedies.
[3] Also under the parallel provision, 26 U.S.C.A. § 4980 B(f)(3)(B). IRC and ERISA parallel cites are given; public health code parallel cites are not applicable.
[4] 26 U.S.C.A. § 4980B(g)(1)(A)(i).
[5] 26 U.S.C.A. § 4980B(g)(1)(B).
[6] 26 U.S.C.A. § 4980B(f)(2)(B)(i)(I). There is an additional caveat to this provision, "Except as provided in clause (ii)." Clause (ii) states: "RULE FOR MULTIPLE QUALIFYING EVENTS. If a qualifying event (other than a qualifying event described in § 1163(6) occurs during the 18 months after the date of a qualifying event described in § 1163(2), the date [at] which [COBRA benefits expire] is 36 months after the date of the qualifying event described in § 1163(2) of this Title." 29 U.S.C.A. § 1162(2)(A)(ii). This provision is apparently not applicable here, because SSDI is not one of the six separate qualifying events.
[7] 26 U.S.C.A. § 4980B(f)(2)(B)(i)(V).
[8] Social Security disability insurance, 42 U.S.C.A. § 401 et seq. [hereafter SSDI].
[9] Supplemental security income, 42 U.S.C.A. § 1381 et seq. [hereafter SSI].
[10] The return date of the order to show cause was also the return date of a motion to settle the amount of premium. At the hearing, counsel for defendant Monmouth College informed the court and counsel that the appropriate premium is $295.52 a month.
[11] Defendant Monmouth College argues that penalties may not be assessed absent a finding of bad faith or malice. Our limited research to date, however, reveals that bad faith or malice is not an absolute prerequisite for the assessment of statutory penalties; rather penalties have been assessed in situations involving a denial of benefits where the action of the plan administrator was characterized as negligent. Daniel v. Eaton Corp., 839 F.2d 263 (6 Cir.1988), cert. den. 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988), overruled on other grounds by Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).