The PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
Plaintiff,

v.

BEST TRAVEL, INC., d/b/a Benda Travel, Inc., d/b/a Easy Travel Services, Inc.; American Selfcare Corporation; The Estate of Edith Boudas, Deceased; Nick Boudas; and Northwest Community Hospital, Defendants.

No. 92 C 1949.

United States District Court,
N.D. Illinois, E.D.

March 31, 1993.

Daniel A. Engel, David Faulkner Schmidt, Peterson & Ross, Chicago, IL, for plaintiff.

Tom H. Luetkemeyer, Hinshaw & Culbertson, Chicago, IL, for Best Travel, Inc., Easy Travel, Inc., Benda Travel, Inc.

Randall Edmund Server, Martin Cohn & Associates, Ltd., Chicago, IL, for American Selfcare Corp.

Thomas J. Nathan, Munday & Nathan, Chicago, IL, for Nick Boudas.

Ronald J. Hennings, Raymond Edward Clutts, Neil Jordan Greene, Daniel P. McAnally, Grabowski & Clutts, Evanston, IL, for Northwest Community Hosp.

### OPINION AND ORDER

NORGLE, District Judge:

Before the court is plaintiff The Prudential Insurance Company of America's ("Prudential") motion for partial summary judgment. For the following reasons, Prudential's motion is granted.

### DISCUSSION

On April 23, 1992, Prudential filed its amended complaint for declaratory judgment seeking a declaration that it is not liable for

the post-September 3, 1991 medical expenses of Edith Boudas ("Mrs. Boudas") under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.,* or alternatively, that if liable, it is entitled to indemnity or contribution from defendants Benda Travel, Inc. ("Benda") or American Selfcare Corporation ("ASC").

Mrs. Boudas was an employee of Easy Travel Services, Inc. ("Easy Travel"), which maintained an employee welfare benefit plan (the "Plan") pursuant to ERISA. Insurance coverage under the Plan was provided by Prudential's Group Policy No. 84879. Effective December 28, 1988, Mrs. Boudas became insured as an employee of Easy Travel and as a participant under the Plan. Mrs. Boudas' employment terminated February 3, 1990, and pursuant to § 602(2)(A)(i) of ERISA, she elected continuation coverage under the plan. Mrs. Boudas' continuation coverage was to continue for eighteen months, until August 3, 1991. 29 U.S.C. § 1162(2)(A)(i).

On April 28, 1991, the Social Security Administration issued a Retirement, Survivors and Disability Notice of Award to Mrs. Boudas, notifying her that as of February 2, 1991, she was entitled to Social Security Disability benefits. Specifically, the Notice of Award stated: "We have determined that you became disabled on February 2, 1991." Easy Travel, through ASC, the company responsible for administering Mrs. Boudas' continuation coverage, notified Mrs. Boudas that she was eligible for an additional eleven-month extension of her participation in the Plan; Mrs. Boudas was informed that this extension was because "of the fact that [she] was disabled at the time of [her] original Qualifying Event Date." Consequently, on June 10, 1991, Mrs. Boudas sent a letter to Benda[1] requesting that her coverage be continued for twenty-nine months (eighteen plus an additional eleven), rather than the original eighteen month continuation.

Sections 601–08 of ERISA contain provisions allowing continuation of health care coverage after the coverage would otherwise terminate. Section 602(2)(A) provides that in

the event of a qualifying event, such as the termination of employment, continuation coverage will extend eighteen months from the date of such qualifying event. *See* 29 U.S.C. § 1163(2) (definitions of qualifying event). A recent amendment to § 602(2)(A), however, provides for an additional eleven months of continuation coverage for an individual determined under the Social Security Act to have been disabled at the time of the termination of employment. Specifically, the amendment provides:

> In the case of an individual who is determined, under title II or XIV of the Social Security Act [42 U.S.C. § 401 *et seq.* or § 1381 *et seq.*], to have been disabled *at the time of a qualifying event* described in section 1163(2) of this title, any reference in clause (i) ... to eighteen months with respect to such event is deemed a reference to 29 months....

29 U.S.C. § 1162(2)(A) (emphasis added)

To be eligible for the additional eleven-month coverage, an individual must have been determined under the Social Security Act to have been disabled at the time of employment termination. Mrs. Boudas' employment was terminated on February 3, 1990. One year later she was determined to be disabled by the Social Security Administration, which stated: "We have determined that you became disabled on February 2, 1991."

Although the clear language of § 602(2)(A) requires that, to receive the additional eleven-month coverage, an individual must have been disabled at the time employment is terminated, Benda and defendant Nick Boudas ("Mr. Boudas") argue a broader interpretation. In support of their arguments, both Benda and Mr. Boudas cite to a footnote in *Meadows v. Cagle's, Inc.,* 954 F.2d 686 (11th Cir.1992). The language in *Meadows* relied upon by Benda and Mr. Boudas states:

> Therefore, we hold that if Mr. Meadows (or anyone acting on behalf of Mrs. Meadows) provided notice to the plan administrator that Mrs. Meadows had been determined to be disabled for the purposes of

---

1. Easy Travel was apparently purchased by Benda. The parties, however, dispute, and the court

does not address, the exact relationship between Benda, Easy Travel, and Best Travel, Inc.

Title II or XVI of the Social Security Act within the eighteen month period running from August of 1989 to January 1991, such notice was sufficient to trigger the application of the twenty-nine month COBRA continuation coverage set forth in section 1162(2)(a).

954 F.2d at 693, n. 9.

The creative interpretation of this footnote language offered by Benda and Mr. Boudas is that the *Meadows* court held that if an individual is determined to be disabled within the eighteen month time frame of initial coverage, that individual is entitled to an additional eleven months of coverage. They allege, in other words, that the *Meadows* court did not require a determination by the Social Security Administration that Mrs. Meadows was disabled at the time of her termination of employment. While a cursory reading of this footnote could produce the meaning proposed by Benda and Mr. Boudas, such an interpretation is in direct conflict with the unambiguous language of § 602(2)(A). Furthermore, this interpretation is not in accord with the facts of *Meadows*. Mrs. Meadows was discharged from her employment on August 1, 1989; according to the footnote immediately preceding the one relied upon by Benda and Mr. Boudas, the lower court "assumed that Mrs. Meadows became disabled on August 13, 1988." 954 F.2d at 693, n. 8. Rather than accept Benda and Mr. Boudas' argument, the court interprets the *Meadows* language in conformity with § 602(2)(A). The *Meadows* footnote simply states that to trigger the additional eleven-month coverage, the plan administrator must be notified of an employee's disability within the original eighteen-month period, not that the disability determination be made within those eighteen months.

Both Benda and Mr. Boudas also suggest that *Poole v. Monmouth College*, 254 N.J.Super. 154, 603 A.2d 118 (Sup.Ct.N.J.1991), is persuasive in its interpretation of § 602(2)(A). According to Benda and Mr. Boudas, the *Poole* court found that § 602(2)(A) provides for an additional eleven months of continuation coverage if notice of disability is provided within eighteen months after termination of employment. The court

does not disagree with *Poole;* contrary to the defendants' position, however, the *Poole* opinion does not suggest additional coverage is available to an individual who was not disabled at the time of termination. Although the determination that the plaintiff in *Poole* was disabled was made by the Social Security Administration after her termination, she was nevertheless deemed to have been disabled on a date prior to her termination. 254 N.J.Super. at 154, 603 A.2d at 120. Both *Poole* and *Meadows* dealt with notice and waiver issues arising in connection with ERISA continuation coverage, not whether continuation is available to an individual who was not disabled at the time employment was terminated. Consequently, neither *Poole* nor *Meadows* can be reasonably invoked to contradict the clear language of § 602(2)(A).

The only issue before the court is whether Mrs. Boudas was entitled to the eleven-month continuation coverage extension under § 602(2)(A) of ERISA. Under ERISA, a prerequisite to such entitlement is that the covered individual "have been disabled at the time of a qualifying event," such as termination of employment. Neither Benda nor Mr. Boudas claim that Mrs. Boudas was disabled, as determined by the Social Security Administration, at the time she left Easy Travel. Although Mr. Boudas has raised an estoppel claim against Prudential, claiming Prudential is estopped from denying coverage, the existence of that claim is irrelevant to Prudential's partial summary judgment motion. Regardless of whether Prudential or some other party may theoretically be estopped to deny coverage post-September 3, 1991, there is no factual dispute that Mrs. Boudas was not entitled to an eleven-month continuation coverage extension under ERISA § 602(2)(A).

## CONCLUSION

For the reasons stated above, Prudential's motion for partial summary judgment is granted.

IT IS SO ORDERED.