**Robert J. CARR, III, Individually and as the Legal Representative of the Estate of Joan J. Carr, Deceased, and the Methodist Hospital, Plaintiffs,**

v.

**BPS GUARD SERVICES, INC. d/b/a Burns International Security Services, and the Metropolitan Life Insurance Company, Defendants.**

Civ. A. No. 93–2839.

United States District Court,
S.D. Texas,
Houston Division.

April 4, 1994.

Mark Douglas Herbert, Sullins Johnson Rohrbach & Magers, Houston, TX, for plaintiffs.

John V. Jansonius, Dallas, TX, Thomas J. Piskorski, Seyfarth Shaw Fairweather & Geraldson, Chicago, IL, for defendant BPS Guard Services, Inc.

Eileen C. Depew, Houston, TX, for defendant Metropolitan Life Ins. Co.

Katherine S. Youngblood, Youngblood & Tipton, Houston, TX, for defendant Prudential Ins. Co. of America.

## ORDER

HITTNER, District Judge.

Pending before the Court is the Motion to Dismiss (Document # 9) filed by defendant Burns International Security Services ("Burns") joined by defendant Metropolitan Life Insurance Company ("Metropolitan").[1] Having considered the motion, the submissions on file, the applicable law, and the arguments of counsel at a hearing conducted before the Court on March 8, 1994, the Court determines that the Motion to Dismiss should be granted.

In February 1989, plaintiff Joan Carr ("Carr"), deceased, was diagnosed with a serious lung condition that would require a lung transplant. Carr was an employee of Burns beginning in April 1988. She was terminated on April 1, 1989. Carr's estate initiated this action seeking extension of Carr's medical benefits pursuant to the Consolidated Omnibus Budget Reconciliation Act ("COBRA").

COBRA requires an employer to provide continued health plan coverage for a period of eighteen months to any covered employee who would otherwise lose health plan coverage as a result of termination. 29 U.S.C. §§ 1161–62, 1163(2). Therefore, pursuant to COBRA, Carr received continued medical insurance coverage from the Burns group health plan for an additional eighteen months after termination, until September 30, 1990. After Carr's continuation coverage had expired, she was hospitalized twice at Methodist Hospital where she underwent two separate lung transplant operations before she died. The cost of Carr's treatment at Methodist was $985,105.77.

In December 1989, Congress amended COBRA to extend the "continuation coverage" period from eighteen months to twenty-nine months where an individual is determined to have been disabled at the time of a COBRA qualifying event pursuant to Title II or XVI of the Social Security Act. Pub.L. No. 101–239, § 6703(a) (codified at 29 U.S.C. § 1162(2)(A)). The United States Social Security Administration determined that Carr was disabled pursuant to 42 U.S.C. §§ 1381 et seq., as of February 1989, prior to the time of her termination by Burns on April 1, 1989. As a result, Carr's estate claims entitlement to an additional eleven months of coverage pursuant to the COBRA amendment, and seeks recovery of medical expenses in the amount of $985,105.77 incurred by Carr during her hospitalization at Methodist Hospital, after the initial eighteen months of continued coverage expired.

Carr's estate argues that the COBRA amendments are applicable in this case because there are multiple "qualifying events." The estate concedes that the "termination" qualifying event occurred prior to the effective amendment date, but argues that the COBRA amendments are applicable to Carr because the determination of disability occurred during the January 1990 plan year, after the enactment of the amendment. However, as aforementioned, the Social Security Administration *found* Carr to be disabled as of February 1989, prior to the COBRA amendment's effective date. Carr then

---

1. Metropolitan filed a joinder in Burns' motion to dismiss. See Document # 19.

became entitled to benefits on April 1, 1989, the day she was terminated. Thus, both qualifying events occurred during the plan year beginning January 1, 1989.

Congress expressly stated that "[T]he [COBRA] ... amendments shall apply to plan years beginning on or after the date of the enactment of this Act [December 19, 1989], regardless of whether the qualifying event occurred before, on, or after such date." 29 U.S.C. § 1162(2)(A). The qualifying events in this case were Carr's termination in April of 1989 and the onset date of her disability in February 1989. Therefore, both qualifying events occurred after the 1989 plan year was in effect.[2] Thus, the COBRA amendment is not applicable.

Plaintiffs rely on *Poole v. Monmouth College* for the proposition that since Carr *notified* Burns of her disability in August 1990, the amendment applies to her. 254 N.J.Super. 154, 603 A.2d 118 (1991). *Poole* is distinguishable from the instant case because the plaintiff in *Poole* was terminated in January 1990 and was determined to be disabled as of December 29, 1989. Therefore, unlike in Carr's case, both qualifying events in *Poole* occurred after the COBRA amendment's effective date.

Congress stated that the amendments to COBRA would apply only to plan years beginning on or after the date of the enactment "regardless of whether the qualifying event occurred before, on, or after such date." This statement expresses a clear intent to have the amendment apply prospectively, not retroactively. The court in *Gaskell v. Harvard Cooperative Society* rejected the retroactive application of 29 U.S.C. § 1162(2)(A)(v) to events involving Medicare entitlement. 762 F.Supp. 1539, 1542 (D.Mass.1991), *vacated on other grounds,* 3 F.3d 495 (1st Cir.1993). The amendment was applicable "to plan years beginning after December 31, 1989." 29 U.S.C. § 1162(2)(A)(v). Since the plan year in *Gaskell* began well before the effective date of December 31, 1989, that court held that the amendment did not apply to the employee's

claim. *Gaskell,* 762 F.Supp. at 1542; *see also, Smith v. Genelco,* 777 F.Supp. 750, 753 (E.D.Mo.1991) (rejecting retroactive application of COBRA amendments).

This Court interprets § 1162(2)(A) as requiring a prospective application of its effective dates from the date of the plan year. In Carr's case, both of the qualifying events, the termination and the onset of disability, occurred prior to the effective dates of the amendment. Therefore, the 1989 amendment to § 1162 does not apply to Carr.

Based on the foregoing, the Court hereby

ORDERS that Burns International Security Services' and Metropolitan Life Insurance Company's Motion to Dismiss (Document # 9) is GRANTED.

---

**2.** The plan year for Burns' health insurance contract began on January 1, 1989, prior to the enactment date of December 19, 1989.