654 A.2d 986

MARJORIE H. COYLE, APPELLANT, v. NEW JERSEY
REAL ESTATE COMMISSION, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 18, 1994—Decided November 10, 1994.

Before Judges MICHELS and KEEFE.

John J. Coyle, Jr., P.C., attorney for appellant (James S. DeBosh, on the brief).

Deborah T. Poritz, Attorney General of New Jersey, attorney for respondent (Mary C. Jacobson, Assistant Attorney General, of counsel; Carmen A. Rodriguez, Deputy Attorney General, on the brief).

PER CURIAM.

Plaintiff Marjorie H. Coyle (Coyle) appealed from the July 9, 1993 determination of defendant New Jersey Real Estate Commission (Commission), denying Coyle's application to reinstate her real estate sales person's license which had expired on June 30, 1989. On motion of the Commission, we remanded the matter to permit the Commission to consider additional information supplied by Coyle in connection with her application for reinstatement. Jurisdiction was retained.

On remand, the Commission accepted Coyle's additional evidence, and issued an amended order of determination in conjunction with a written opinion re-affirming its decision to deny reinstatement of Coyle's license.

The important facts are not in dispute. Coyle was a licensed real estate sales person from approximately 1972 until June 30, 1989, when her real estate sales person's license expired. On July 1, 1993, Coyle applied to the Commission for reinstatement of her license. The Commission denied the application based on its licensing records which reflected that her license expired on June 30, 1989. Because more than two years had elapsed from the date of her last license, the Commission advised Coyle that she would be eligible for a real estate sales person's license only upon presentation of proof that she attended an approved school and passed the state examination. The Commission's action complied with N.J.S.A. 45:15-9, which states in pertinent part:

In the event that any person to whom a sales person's license has been or shall have been issued shall fail to renew such license or obtain a new license for a period of two (2) consecutive years or more after the expiration of the last license,

the Commission shall require such person to attend an approved school and pass the state examination prior to the issuance of a further license.

[*N.J.S.A.* 45:15–9.]

There is no question in this case that Coyle did not receive notice from the Commission concerning the expiration of her license. She maintains on appeal that "[t]his lack of notice is a violation of one's due process rights." It appears that the practice of the Commission is to send license renewal applications to the broker's office where the sales person's license "hangs", rather than to the license holder's home address.

In this case, Coyle's attempt to have her license transferred to John W. Monaghan Corporation Realtors (Monaghan) in 1989 was ineffective because she paid the $5.00 fee for such transfer by personal check, contrary to the regulations of the Commission. The $5.00 check was returned to Monaghan, but Monaghan never advised plaintiff of the aborted transfer. Thus, the Commission was not on notice that Coyle had any employment relationship with Monaghan, and did not send Coyle's renewal application there. In any event, Monaghan did not consider Coyle to be an employee of the real estate agency and, for that reason, did not include Coyle as a licensed real estate sales person in either its 1989, 1990, 1991 or 1992 license renewal form.

Coyle contends that her failure to receive the Commission's notification regarding her ineffective transfer resulted in her failure to know that her license had expired. In this connection, Coyle argues that due process requires that she be notified of the expiration of her license. She relies upon *In re Suspension of Heller,* 73 *N.J.* 292, 310, 374 *A.*2d 1191 (1977) in making this argument.

Coyle's argument is without merit. Stated simply, she had notice of the requirements of the statute. In order to obtain her license in the first instance, she was required to devote nine hours of the total 75 hour course to the License Act and its regulations. *N.J.A.C.* 11:5–1.27(f). Therefore, Coyle knew that her license had to be renewed annually. The record reflects that Coyle also knew

that she had not made any payments to anyone concerning the annual renewal of her license. Try as she may to place the blame on others, it was Coyle's obligation as a licensed real estate sales person to insure proper renewal of her license. The requirement to annually renew a license is a reasonable condition of the grant of such a license. Coyle's training, which included the requirements of the Act, afforded all of the process that was due her in connection with her license. *See Graham v. N.J. Real Estate Com'n.*, 217 *N.J.Super.* 130, 524 A.2d 1321 (App.Div.1987) (the requirements of *N.J.S.A.* 45:15–9 are a valid exercise of the State's police power.)

Thus, the final determination of the Commission, denying Coyle's application for reinstatement of her license, is affirmed substantially for the reasons stated by the Commission in its written opinion of April 29, 1994.