**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30874

SCOTT FALLO; KASEY FALLO,

Plaintiffs-Appellants,

VERSUS

PICCADILLY CAFETERIAS, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

May 29, 1998

Before WISDOM, JOLLY, and HIGGINBOTHAM, Circuit Judges.

WISDOM, Circuit Judge:

Following the termination of Scott Fallo's employment with Piccadilly Cafeterias, Scott and Kasey Fallo attempted to extend their health insurance coverage under the provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA)[1] and Piccadilly's Health Benefits Plan (t he Plan) because of Kasey Fallo's disability. The district court denied the Fallos motion for summary judgment and granted Piccadilly's cross-motion for summary judgment, finding that the Fallos did not meet the requirements for this extended health insurance coverage. We find that the Fallos complied with the requirements of Piccadilly's Summary Plan Description (SPD) and are, therefore, entitled to the extended health insurance coverage. We reverse and remand.

I.

Scott Fallo ended his employment with Piccadilly in February 1992. Before leaving, he expressed his intention to extend health benefits under COBRA for an additional 18 months. During

---

[1]   29 U.S.C. § 1161, et seq.

this period of continuation coverage, the Fallos paid their required premiums. In January 1993, Fallo's wife, Kasey, became pregnant. Kasey Fallo is a diabetic and her pregnancy was marked by serious complications. The 18 month period of continuation coverage was scheduled to end on August 25, 1993. On August 23, 1993, Scott Fallo's father, by certified mail, sent Piccadilly notice that Kasey Fallo was "disabled" by her pregnancy and that she relied upon her disability to extend further their health insurance benefits under COBRA. The Fallos mailed a check dated September 5, 1993 to Piccadilly to cover their premiums. On September 8, 1993, Piccadilly responded that it would not extend coverage unless Kasey Fallo obtained a determination "that she is disabled for purposes of Social Security" within 60 days of August 25, the date that the initial extension of coverage ended. Piccadilly returned the Fallos premium check on September 27, 1993. Piccadilly eventually denied coverage and this litigation ensued.

The Fallos filed for benefits and other damages under the Employment Retirement Income Security Act (ERISA)[2] and the Americans with Disabilities Act.[3] While this suit was pending, Kasey Fallo applied to the Social Security Administration for a determination that she was disabled.[4]

On April 4, 1994, Piccadilly filed its first motion for summary judgment. On June 14, 1994, the district court granted that motion in part, finding that the Fallos were not entitled to indefinite health insurance coverage under COBRA and the Americans with Disabilities Act did not apply. The district court denied the motion for Summary Judgment to the extent that the Fallos were seeking an eleven month health insurance extension because of Kasey Fallo's disability.

Piccadilly filed a Second Motion for summary judgment, arguing that Kasey Fallo's failure

[2] 29 U.S.C. § 1991, et seq.

[3] The Fallos filed suit in the Civil District Court in New Orleans on February 10, 1994. Piccadilly removed this action to the United States District Court for the Eastern District of Louisiana , invoking the court's federal question jurisdiction. 28 U.S.C. § 1331.

[4] The parties disagree as to when the Fallos filed this application. The Fallos maintain that they filed their application in April of 1994. Piccadilly maintains that the Fallos applied for this determination in June of 1994. Because we find that the Fallo's right to continuation coverage is not dependent upon the date the Social Security Administration disability proceeding is initiated, we need not resolve this dispute.

to obtain a Social Security Administration disability determination within 18 months of Scott Fallo's termination precluded her request for a disability extension. The district court found that, to receive the disability extension, the Fallos needed to initiate the Social Security Administration disability proceedings within the initial 18 months of extended coverage under COBRA. The district court found that an issue of fact as to when the proceedings were initiated prevented summary judgment.

Next, Piccadilly filed a motion to stay the proceedings in the district court pending the outcome of the Fallos application.[5] Because the Social Security Administration's decision could be dispositive of the outcome of this suit, the district court granted the stay.

In November 1994, the Social Security Administration determined that Kasey Fallo was disabled for Social Security purposes between March 1993 and October 1994. The Social Security Administration noted that the Fallos application was filed on April 14, 1994. Relying upon the disability finding, the Fallos moved for summary judgment on their entitlement to the additional 11 months of health insurance coverage. Piccadilly filed a cross-motion for summary judgment, arguing that the Fallos were not entitled to the extension because they did not apply to the Social Security Administration for a disability determination until several months after the expiration of the initial 18 month extension under COBRA. The district court denied the Fallos motion and granted Piccadilly's cross-motion for summary judgment. The Fallos appeal.

## II.

Under the provisions of COBRA, a qualified beneficiary may extend the period of health

[5] To justify the stay, Piccadilly wrote:

As the Court is aware, at the heart of this dispute is whether or not the plaintiff, Kasey Fallo, is or ever has been disabled as determined by the Social Security Administration. If Ms. Fallo is not now or never has been disabled according to the Administration's guidelines, then, in that event, the Court would be required to dismiss this action and Ms. Fallo would not be entitled to eleven (11) additional months of benefits pursuant to the Piccadilly Cafeterias, Inc. Health Benefit Plan over and above the original eighteen (18) months of COBRA coverage. On the other hand, if Ms. Fallo was in fact disabled, and if the disability is determined to have begun during the eighteen months of COBRA coverage, then she would be entitled to the additional coverage.

insurance coverage from the date of a qualifying event until at least 18 months from that date.[6] Termination of employment is a qualifying event that triggers this extended coverage.[7] The qualified beneficiary may extend coverage for an additional period of 11 months for a total of 29 months from the termination of employment, if the qualified beneficiary provides notice within the initial 18 months of extended coverage that he or she was found to have been disabled under Title II or XVI of the Social Security Act.[8] This disability must have been present at the time of or within 60 days of the qualifying event such as the termination of employment.[9] The qualified beneficiary may be required to pay a premium for the extended coverage.[10] The group health plan administrator has a duty to notify the qualified beneficiaries of their right to extend coverage under COBRA at the commencement of the beneficiary's coverage under the plan.[11] The qualified beneficiary has the duty to notify the administrator of the plan of a qualifying event and a social security disability finding.[12]

Of course these rules are the minimum requirement.[13] An employer may provide greater continuation benefits for its employees under their health insurance plans. Here, Piccadilly's Health Benefits Plan tracks the language of the statute. It provides:

> The coverage under this provision will extend for at least the period beginning on the date of a qualifying event and ending not earlier that the earliest of the following:
>
> \* \* \* \* \*
>
> 2. in the case of a qualified beneficiary disabled upon the Employee's termination . . . the date which is twenty-nine (29) months after the qualifying event provided the qualified beneficiary provides the Plan Administrator with notice of Social Security

---

[6] 29 U.S.C. § 1162 (2) (A) (I).

[7] 29 U.S.C. § 1163 (2).

[8] 29 U.S.C. § 1162(2) (A).

[9] 29 U.S.C. § 1162(2) (A).

[10] 29 U.S.C. § 1162 (3).

[11] 29 U.S.C. § 1166 (a)(1).

[12] 29 U.S.C. § 1166 (a)(3).

[13] *See Branch v. G. Bernd Co.*, 764 F. Supp. 1527, 1536-7 (M.D. Ga. 1991).

disability determination within sixty (60) days of the disability determination and within eighteen (18) months of the qualifying event.

Both the Plan and COBRA contemplate that the qualified beneficiary will provide notice of the Social Security disability finding before the expiration of the initial 18 month period of extended benefits. The Fallos father sent written notice of a disability to the administrator within this time, but the Fallos had not obtained a Social Security disability determination by the end of the 18 months. Nevertheless, the Fallos argue that they are entitled to the additional 11 months of extended health insurance coverage because of Kasey Fallo's disability. They rely upon the Summary Plan Description (SPD) provided to them by Piccadilly to explain their benefits under the Plan. We agree that they are entitled to this 11 month extension.

ERISA requires plan administrators to provide its participants with an accurate, comprehensive, and easy to understand summary of the Plan.[14] The SPD is intended to simplify the language of the plan, allowing the average plan participant to understand his rights and duties. The SPD is interpreted as a whole.[15] If the language of the SPD conflicts with the language of the Plan, the SPD is given effect.[16] Ambiguities in the SPD are resolved in favor of the qualified beneficiary.[17] We have rejected the notion that the SPD should be interpreted in the light of the language of the Plan.[18] It is the SPD and not the Plan upon which the average beneficiary has relied; the SPD most nearly represents the intention of the parties.

---

[14] "The summary plan description . . . shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." 29 U.S.C. § 1022 (a) (1).

[15] *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 981 (5th Cir. 1991).

[16] *Id.* at 982. This rule has been accepted by several circuits. *See Sprague v. General Motors Corp*, 133 F.3d 388, 400 (6th Cir. 1998); *Chiles v. Ceridian Corp.*, 95 F.3d 1505, 1515 (10th Cir. 1996); *Jensen v. Sipco, Inc.*, 38 F.3d 945, 952 (8th Cir. 1994); *Fuller v. FMC Corp.*, 4 F.3d 255, 261-2 (4th Cir. 1993); *Sankier v. Hartford Life & Accident Ins. Co.*, 948 F.2d 1050, 1051 (7th Cir. 1991).

[17] *Wegner v. Standard Ins.* Co., 129 F.3d 814, 818 (5th Cir. 1997); *Hansen*, 940 F.2d at 982.

[18] *Hansen*, 940 F.2d at 981-2.

Piccadilly's SPD describes the right to continuation coverage as follows:

Additionally, the eighteen (18) month period may be extended for an extra eleven (11) months (to twenty-nine (29) months) if a person is determined to be disabled (for Social Security disability purposes) and the Employer is notified of that determination with[in] (60) days.

Unlike the language of the Plan and COBRA, this provision does not state that the qualified beneficiary must send notice of a Social Security Administration disability finding before the end of the initial 18 month extension, nor does the SPD state that the disability must exist at the time of the qualifying event such as the termination of employment.[19]  In a case of conflict such as this, where the requirements of the SPD are more lenient than those cont ained in the Plan, the SPD is controlling.[20]  The beneficiaries do not need to look to the language of the Plan to fill any gaps left by the SPD provisions because such a requirement would undermine the purpose of a simple, easy to understand summary.[21]  Under the language of the SPD, then, the Fallos needed to obtain a Social Security disability finding stating that Kasey Fallo was disabled during the 18 month initial extension[22] and needed to notify Piccadilly's plan administrator within 60 days of that determination.[23] The Fallos

---

[19]    The SPD only requires that the notice of the disability finding be given within 60 days of the disability finding.  The Fallos met this requirement.

[20]    *Hansen*, 940 F.2d at 982.  We acknowledge that the SPD is merely a summary of the Plan; it cannot contain every term.  The omission of certain provisions and terms from the SPD will not alter the Plan.  *Sprague*, 133 F.3d at 401.  Where, as here, the SPD purports to set out the procedures to obtain extended coverage but omits certain steps required by the Plan, the language of the SPD is given effect.

[21]    *Hansen*, 940 F.2d at 982.

[22]    The language of the SPD does not support the district court's interpretation that the Fallos needed to initiate Social Security Administration disability proceedings before the end of the 18 month COBRA extension.  In rejecting this position, we accept the interpretation of the SPD offered by Piccadilly in its motion for a stay of proceedings.  If Kasey Fallo was found to be disabled within the 18 months of COBRA coverage, she was entitled to the disability extension.  Otherwise, she was not.

[23]    The Social Security Administration found Kasey Fallo disabled beginning  March 1, 1993, after her qualifying event -- Scott Fallo's voluntarily termination of  his employment with Piccadilly.  Although COBRA's provision for the extension of coverage due to disability requires that disability to exist at the time of the qualifying event, the language of SPD does not contain this limitation.  The broader language of the SPD controls.

met this requirement.[24] Furthermore, the Fallos gave notice of their intent to extend coverage before the expiration of the initial 18 month extension. On these facts, we find that the district court erred in denying the Fallos motion for summary judgment and granting summary judgment for Piccadilly. We reverse the district court's decision, and remand this case for further proceedings.

### III.

Under COBRA, the Fallos are entitled to continued coverage that is identical to the coverage provided to similarly situated beneficiaries under the Plan who have not incurred a qualifying event such as the termination of employment.[25] The Fallos do not receive a free ride, however. COBRA specifically authorizes plan administrators to charge a premium for the continuation coverage.[26] Piccadilly's Plan and SPD both discuss the need to pay premiums to extend coverage. On remand, then, the district court should determine the amount of the premiums owed by the Fallos to Piccadilly.

### IV.

In conclusion, we hold that the Fallos are entitled to the 11 month extension of benefits under the Piccadilly Health Benefits Plan, as described in the SPD, because of Kasey Fallo's disability. The Fallos are to be charged the appropriate premium for that coverage. We REVERSE and REMAND.

---

[24] The Social Security Administration found Kasey Fallo disabled in its order dated November 27, 1996. The Fallos gave notice of this determination within 60 days.

[25] 29 U.S.C. § 1162 (1).

[26] *See* 29 U.S.C. § 1162 (3).