James W. **MARSH,** and other similarly situated persons, Plaintiffs,

v.

**OMAHA PRINTING COMPANY,** Defendant.

No. 8:99CV184.

United States District Court, D. Nebraska.

Dec. 21, 1999.

Michael B. Kratville, Terry, Kratville Law Firm, Omaha, NE, for James W. Marsh, and other similarly situated persons, plaintiff.

Christopher J. Tjaden, Alison Lonsdale McGinn, Gross, Welch Law Firm, Omaha, NE, for Omaha Printing, Company, defendant.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

This matter comes before the Court on the defendant's motion to dismiss the amended complaint (Filing No. 18). In support of the motion, the defendant has submitted a brief and reply brief. The plaintiffs have submitted a brief opposing the motion. After a careful review of the amended complaint and controlling statutory law, the Court shall grant the defendant's motion to dismiss the amended complaint.

### I. Factual Summary

Plaintiff James Marsh was employed at the defendant company until July 1995, when he suffered a heart attach which permanently disabled him. Following his termination, the defendant notified Marsh that he was eligible to receive health insurance coverage under the Comprehensive Omnibus Budget Reconciliation Act ("COBRA"). Marsh elected COBRA continuation coverage and paid all premiums through and including January 31, 1997.

On August 4, 1995, Marsh filed an application for Social Security disability. In December 1996, the defendant notified Marsh that his COBRA coverage would cease on January 31, 1997. In response to the notice, Marsh contacted the defendant and requested an 11–month disability extension on his COBRA coverage. The defendant denied the request, and Marsh, who was unable to purchase an affordable health insurance plan, became uninsured. In June 1997, Marsh suffered a massive heart attack and incurred $80,000 in medical bills.

On or about August 24, 1998, the Social Security Administration determined that

Marsh was disabled for the time period of July 21, 1995, through November 25, 1997. Plaintiff notified the defendant of the disability determination within 60 days.

In his amended complaint, Marsh brings two causes of action on behalf of himself and others similarly situated whose insurance coverage was not extended from 18 to 29 months. First, Marsh claims a right of recovery under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Second, Marsh seeks recovery under the Employee Retirement Income Security Act ("ERISA") asserting a breach of fiduciary duty claim. The defendant moves to dismiss both causes of action for failure to state a claim upon which relief may be granted.

## II. Standard of Review

In addressing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 545–46 (8th Cir.1997). In addition, the court must liberally construe the complaint in the light most favorable to the plaintiff. *Id.* at 546. When considering the motion to dismiss for failure to state a claim, the Court must accept the facts alleged in the [amended] complaint as true. *Penn v. Iowa State Bd. of Regents,* 999 F.2d 305, 307 (8th Cir.1993).

## III. Discussion

### A. ERISA Claim (COBRA Continuation Coverage)

This action represents an action by a former employee against his employer to recover health benefits due to him under the terms of a group health plan. Therefore, the action should be filed pursuant to the ERISA statutes. The Court concurs with the defendant that HIPAA in general and the HIPAA amendment to COBRA in particular do not provide the plaintiff with a viable theory of recovery.

Instead, the Comprehensive Omnibus Budget Reconciliation Act of 1985 ("COBRA") imposes continuation of health benefit provisions on private employer group health plans. Continuation of coverage is implemented through three federal statutes: ERISA, the Internal Revenue Code, and the Public Health Code. The continuation coverage requirements are codified under ERISA at 29 U.S.C.A. §§ 1161 *et seq.*[1] Enforcement mechanisms under ERISA are codified at 29 U.S.C.A. § 1132.

It is undisputed that in July 1995, Marsh became eligible for and elected continued coverage under COBRA due to his termination from employment, a qualifying event under 29 U.S.C.A. § 1163(2). The required maximum period of coverage for such a qualifying event is 18 months under 29 U.S.C.A. § 1162(2)(A)(i). In 1989, Congress enacted a provision extending the maximum period of COBRA continuation coverage for Social Security disability to twenty-nine (29) months. 29 U.S.C.A. § 1162(2)(A)(v).

Prior to the enactment of the Health Insurance Portability and Accountability Act ("HIPAA") amendment to COBRA, which became effective January 1, 1997, a Social Security disability was required to have been present at the time of the qualifying event (e.g.termination). The HIPAA amendment changed the requirement that a qualified beneficiary must have a Social Security disability at the time of the qualifying event to the requirement that a qualified beneficiary have a Social Security disability any time during the initial sixty (60) days of continuation coverage. Public Law 104–191, § 421 codified at 29 U.S.C. § 1162(2)(A)(v). It is undisputed that the Social Security Administration determined that Marsh was disabled within 60 days of a qualifying event, i.e., his termination

---

**1.** Parallel citations to the Internal Revenue Code and Public Health Code are omitted from this memorandum.

from the defendant's employment in July 1995.

■ In addition to the requirements of being a qualified beneficiary in connection with a qualifying event and being determined to have a Social Security disability within the first 60 days of COBRA continuation coverage, a qualified beneficiary must also fulfill notice requirements in order to be entitled to an 11–month disability extension of COBRA continuation coverage. Specifically, the qualified beneficiary must provide the plan administrator with a copy of the determination of Social Security determination within 60 days of the determination, 29 U.S.C.A. § 1166(a)(3), *and* before the end of the initial 18–month period of COBRA continuation coverage, 29 U.S.C.A. § 1162(2)(A)(v). In the instant case, it is undisputed that the plan administrator was not provided notice with the plaintiff's initial 18–month continuation coverage period which extended until January 31, 1997.

■ The Court has thoroughly reviewed the few cases construing the dual notice requirements and finds that the courts have consistently construed the statutes as requiring a qualified beneficiary to provide a plan administrator with notice of a Social Security disability determination under either Title II or XVI of the Social Security Act, 42 U.S.C.A. § 401 *et seq.* or § 1381 *et seq.*, *both* within 60 days of the disability determination and within the 18–month initial COBRA continuation coverage period. *Meadows By and Through Meadows v. Cagle's, Inc.*, 954 F.2d 686 (11th Cir. 1992), and *Poole v. Monmouth College*, 254 N.J.Super. 154, 160, 603 A.2d 118, 121 (1991). Failure to fulfill the dual notice requirements is fatal to the plaintiff's claims for recovery.

After extensive research, the Court has discovered only one case in which the 18–month notice requirement was not strictly enforced. In *Fallo v. Piccadilly Cafeterias, Inc.*, 141 F.3d 580 (5th Cir.1998), the Fifth Circuit reversed the district court's decision granting the defendant summary judgment on the plaintiff's claim for continued coverage. The Fifth Circuit held that the terms of the employer's summary plan description ("SPD") governed the former employee's claim because the terms of the group health plan and the SPD were in conflict. Although the plan followed ERISA's requirement that a COBRA participant must notify the plan administrator of a Social Security disability determination within the first 18 months of COBRA continuation coverage, the SPD did not contain this notice requirement. The Court ruled that if the language of a SPD conflicts with the language of the ERISA plan, the SPD is given effect. *Id.* at 583–84 (citations omitted). Moreover, the Court ruled that if a conflict exists and the requirements of the SPD are more lenient than those contained in the plan, then the SPD is controlling. *Id.* at 584. The Court concluded that the plaintiffs were entitled to 11 months of COBRA continuation coverage. *Id.*

In the instant case, the plaintiff makes no mention of the SPD nor does he allege a conflict between the plan and SPD in his amended complaint. Instead, the plaintiff asserts a litany of reasons why the Court should not enforce the 18–month notice requirement, all of which the Court finds both unpersuasive and wholly unsupported by legal authority. The Court acknowledges the fact that ultimately Marsh was determined to have a Social Security disability at or within 60 days from his termination. However, that determination did not occur until more than 36 months after his termination. Finding no legal basis on which to diverge from strict enforcement of the 18–month statutory notice requirement, the Court must dismiss the plaintiff's claim.

**B. Breach of Fiduciary Duty Claim**

■ In his second cause of action, Marsh alleges that the defendant's failure to extend coverage to himself and to all other persons similarly situated constituted a breach of fiduciary duty. The defendant argues that as a former employee who has failed to state a claim for ERISA

benefits (e.g., COBRA continuation coverage), Marsh has no standing to bring a breach of fiduciary duty claim on behalf of the plan. The Court agrees. Because the plaintiff has no colorable claim to vested benefits in the form of an 11–month disability extension of COBRA continuation coverage, he has no standing to pursue his second claim of breach of fiduciary duty. *Adamson v. Armco,* 44. F.3d 650, 654 (1995). Accordingly, the Court will grant the defendant's motion to dismiss this claim.

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss (Filing No. 18) the amended complaint is granted.