**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98-11158

LOCKHEED MARTIN VOUGHT SYSTEMS CORPORATION, Formerly
known as Loral Vought Systems Corporation; COMMITTEE OF
LOCKHEED MARTIN VOUGHT SYSTEMS CORPORATION RETIREE GROUP
HEALTH PLANS, Formerly known as the Committee of Loral
Vought Systems Corporation Retiree Group Health Plans,

Plaintiffs - Counter Defendants - Appellees,

VERSUS

JOHN MOLLICK, Individually and as Representative of a Class
of persons Similarly Situated; THOMAS D. FIELD, JR., Individually
and as Representative of a Class of Persons Similarly Situated;
ROBERT L. LIDDELL, Individually and as Representativeof a Class of
Persons Similarly Situated; LTV RETIREES ASSOCIATION,

Defendants - Counter Claimants - Appellants.

Appeal from the United States District Court
for the Northern District of Texas

(95-CV-807)

February 11, 2000

Before DUHE', BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellants appeal from the district court's summary
judgment rejecting their counter-claims and declaring that
Plaintiff-Appellees, by enacting and implementing amendments to
retiree group health plans, did not violate the Employee Retirement
Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et. seq,
or exercise rights or powers precluded by the Frost Amendment, Pub.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

L. No. 102-484, § 839, 106 Stat. 2315 (1992), the asset purchase agreement, or the doctrine of estoppel. Appellants raise four points of controversy on appeal, viz., whether: (1) the health plan amendments violated the terms of the ERISA plans; (2) the amendments violated Plaintiff-Appellees' fiduciary duties to Defendant-Appellants as plan administrators; (3) Plaintiff-Appellees were equitably estopped from enacting the amendments; or (4) the Frost Amendment amended ERISA to prevent Plaintiff-Appellees from enacting the health plan amendments. After careful review and consideration of the record and the parties' written and oral arguments on appeal, we affirm for substantially the same reasons assigned by the district court in its order and opinion.

With respect to the first issue, it is well-settled that welfare plans do not vest under ERISA and that they may be amended at the employer's discretion unless the Summary Plan Description ("SPD") clearly and expressly limits that right. *See Fallo v. Piccadilly Cafeterias, Inc.*, 141 F.3d 580, 583 (5th Cir. 1998); *Wise v. El Paso Natural Gas Co.*, 986 F.2d 929, 935 (5th Cir. 1993) *cert. denied* 510 U.S. 870 (1993). We agree with the district court that under the law and the undisputed material facts, the Plaintiff-Appellees' actions did not violate any clearly expressed limitations or fail to fulfill any stipulated condition.

With respect to the second issue raised, it is well-settled that although Congress has authorized employees of an employer company to serve as plan fiduciaries, the employer is not acting in a fiduciary capacity when amending an ERISA welfare plan. *See Grindstaff v. Green*, 133 F.3d 416, 424 (6th Cir. 1998); *see also*

*Izzarelli v. Rexene Prods. Co.*, 24 F.3d 1506, 1524 (5th Cir. 1994) ("[An employer] can wear two hats: one as a fiduciary and the other as the drafter of a plan's terms . . . [a]n employer does not act as a fiduciary when it amends or otherwise sets the terms of a plan."). Thus, we agree with the district court that in enacting the amendments to the health plans, Plaintiff-Appellees did not violate their fiduciary duty or abuse their discretion.

With respect to the third issue raised on appeal, this circuit has not squarely addressed whether an estoppel cause of action is available under ERISA; we need not resolve this issue, however, because assuming *arguendo* that an estoppel cause of action does exist, we conclude that Defendant-Appellants have not established such a cause of action. To recover under an equitable estoppel theory, a beneficiary must "establish a material misrepresentation, reasonable and detrimental reliance upon the representation, and extraordinary circumstances." *Weir v. Federal Asset Disposition Assoc.*, 123 F.3d 281, 290 (5th Cir. 1997) (*citing In re Unisys Corp. Retiree Medical Benefit "ERISA" Litig.*, 58 F.3d 896, 907 (3rd Cir. 1995)). As the district court correctly concluded, Defendant-Appellants did not present evidence of oral representations that could be construed as an interpretation of an ambiguous plan provision, and thus have not established a material misrepresentation sufficient to recover under an ERISA estoppel cause of action.

With respect to the fourth issue raised, we agree with the district court that the Frost Amendment deals solely with existing and future obligations to pay benefits as determined by the terms

of the plans and did not amend ERISA so as to alter Plaintiff-Appellees' rights to amend the terms of such plans.

For these reasons, and for substantially the same reasons set forth by the district court, we AFFIRM the judgment of the district court.