# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1171

_____

| | | |
|---|---|---|
| James W. Marsh, and other similarly situated persons, | * * * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Omaha Printing Company, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 15, 2000

Filed: July 12, 2000

_____

Before WOLLMAN, Chief Judge, BEAM, and BYE, Circuit Judges.

_____

BEAM, Circuit Judge.

James W. Marsh had a heart attack while employed by Omaha Printing Company. No longer able to work, Marsh's employment was terminated. Marsh then exercised his federal statutory right to an eighteen-month extension of his health insurance. See 29 U.S.C. § 1162(2)(A)(i) (commonly known as "COBRA"). He also filed a claim for disability benefits with the Social Security Administration. Shortly before the expiration of his eighteenth-month continuation of coverage, Marsh requested an additional extension of eleven months. See 29 U.S.C. § 1162(2)(A)(v).

Omaha Printing denied the additional extension. Marsh then became uninsured, suffered another heart attack, and incurred $80,000 in medical bills. Later, the Social Security Administration determined Marsh was disabled after the initial heart attack.

Marsh brought this action claiming he had a right to the additional eleven-month extension of health insurance, and that Omaha Printing breached its fiduciary duty by refusing it. Omaha Printing moved to dismiss Marsh's suit for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). The district court[1] granted the motion. Marsh appeals, and we affirm.

To be eligible for an eleven-month extension, Marsh had to be disabled within sixty days of his termination, and to be considered disabled, he needed to be "determined [to be disabled] under title II or XVI of the Social Security Act." 29 U.S.C. § 1166(a)(3). Marsh also had to inform Omaha Printing of the disability determination within the initial eighteen-month extension period. See 29 U.S.C. § 1162(2)(A)(v). In our de novo review, we accept the facts alleged in Marsh's complaint as true, and we affirm the district court's dismissal order only if it is clear no relief could be granted under the alleged facts. See Newton v. Tyson Foods, Inc., 207 F.3d 444, 446 (8th Cir. 2000).

To resolve this case, we must decide who needs to make the disability determination. A plain reading of the phrase "determined under title II or XVI of the Social Security Act" indicates the disability determination must be made by the Social Security Administration. See 42 U.S.C. §§ 401 et seq. and §§ 1381 et seq.; see also Fallo v. Piccadilly Cafeterias, Inc., 141 F.3d 580, 584 (5th Cir. 1998) (discussing need for "Social Security Administration disability finding"). Marsh, however, contends the phrase allows a doctor to make the disability determination. As evidence to support

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

this interpretation, Marsh points to another section of the statute that bars the termination of an extension until a "final determination" of non-disability has been rendered under title II or XVI of the Social Security Act. See 29 U.S.C. § 1162(2)(E). Thus, according to Marsh, "final determination" means something different than "determined" and, accordingly, does not require a determination by the Social Security Administration.

Unfortunately, use of the word "final" elsewhere in the statute does not lead us to the conclusion Marsh seeks. Whether or not a determination is final has absolutely no bearing on *who* makes that determination. Moreover, the word "final" was likely inserted into the termination provision, not to indicate who needs to make the determination, but to prevent the termination of an eleven-month extension of coverage before the conclusion of all Social Security Administration appeals. Thus, we decline to stray from the statute's plain meaning.

Because the determination must emanate from the Social Security Administration, it is clear Marsh has no claim. The Social Security Administration determination was made about a year-and-a-half after the expiration of Marsh's initial eighteen-month extension. This obviously did not allow Marsh to provide Omaha Printing with the required, timely notice, so his claim was properly dismissed.[2]

We are not unsympathetic to Marsh's claim, and we recognize the result seems harsh. We also are aware that delay in the resolution of claims by the Social Security Administration may preclude the provision of timely notice by many other persons who are otherwise rightly entitled to an additional eleven-month extension of health

_____

[2]Marsh's complaint could be interpreted to allege he gave timely notice to Omaha Printing that a doctor appointed by the Social Security Administration had determined him to be disabled. But, a medical opinion is not a determination of disability by the Social Security Administration. See 20 C.F.R. § 404.1527(e).

insurance.  But, we must apply the statute adopted by Congress, and it is that branch of government's province to amend the statute to prevent such harsh results.

Finally, because Marsh was not entitled to the eleven-month extension, we dismiss his breach of fiduciary duty claim for lack of standing.  See Adamson v. Armco, Inc., 44 F.3d 650, 654-55 (8th Cir. 1995).

The district court decision is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.