IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20692
Summary Calendar
_____


MARGARET TRAYHAM HOGAN,

                                        Plaintiff-Appellant,

versus

NATIONSBANK INSURANCE COMPANY,
INCORPORATED; NATIONSBANK OF
NORTH CAROLINA, N.A., TRUSTEE,

                                        Defendants-Appellees.

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. H-01-CV-1763)
_____
January 3, 2003


Before REAVLEY, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        We affirm for the following reasons:

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

1.  Kenneth Hogan died from medical treatment of his infection.  The plan document states that accidental death benefits are not paid for a death resulting "directly or indirectly from . . . [d]isease or bodily or mental infirmity or by medical or surgical treatment thereof or by any infection (except only septic infection of and through a visible wound accidentally sustained)."  This case is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461 (ERISA).  The plan administrator did not abuse its discretion in interpreting the plan to exclude benefits in this case and denying the claim.

2.  Appellant's only colorable arguments are that the summary plan description (SPD) either conflicts with the plan document and should control, or that the SPD is ambiguous and the ambiguity should be resolved in her favor.  The SPD states that the plan does not cover "loss resulting from . . . [i]llness, disease, pregnancy, childbirth."

3.  On the question of a conflict, we have recognized that "if there is a conflict between the SPD and the terms of the plan itself, the SPD controls."  McCall v. Burlington Northern/Santa Fe Co., 237 F.3d 506, 512 (5th Cir. 2000), cert. denied, 122 S. Ct. 57 (2001).  Accord Hansen v. Continental Ins. Co., 940 F.2d 971, 982 (5th Cir. 1991).  While our court may not have set out the precise contours of what constitutes a "conflict" in this area, compare Rhorer v. Raytheon Eng'rs & Constructors, Inc., 181 F.3d 634, 642 (5th Cir. 1999) (rejecting "argument that Hansen is only controlling in cases where there is a positive conflict between the summary plan description and the policy"), with Wise v. El Paso Natural Gas Co., 986 F.2d 929, 938 (5th Cir. 1993) (stating that "[w]hile clear

2

and unambiguous statements in the summary plan description are binding, the same is not true of silence"), we simply see no conflict—direct, indirect, positive, or by omission—between the SPD and the plan. Both exclude coverage for deaths resulting from disease, and neither contain language stating or suggesting that death from medical treatment of disease is covered.

4. The closer question is whether the SPD is nevertheless ambiguous as to whether a death caused by the medical treatment of disease or illness is a death "resulting from" disease or illness. We think not. We recognize that the plan document, which plainly states that death from the medical treatment of disease or infirmity is not covered, cannot be used to resolve an ambiguity in the SPD. Fallo v. Piccadilly Cafeterias, Inc., 141 F.3d 580, 583 (5th Cir. 1998) ("We have rejected the notion that the SPD should be interpreted in the light of the language of the Plan."); Hansen, 940 F.2d at 981. However, in light of the unique body of ERISA law and the function of the SPD, we do not believe that an ambiguity should be found in every case where the SPD does not address the precise coverage question presented.

> The Court understands that ERISA's requirement of a summary plan
> description necessarily requires abbreviation or omission of some of the
> detail of the plan or policy. Indeed, the very idea of the summary is to
> provide an accurate, but abbreviated, description of the plan provisions; its
> purpose is to simplify and explain the policy. Thus, it is not inappropriate
> to refer to the plan or policy itself to fill in details, or to provide other
> incidental information not included in the summary.

Hansen, 940 F.2d at 982-83 n.8.

3

> In light of these congressional imperatives and common industry practices, we should not (and will not) penalize the Plan, or other similar ERISA plans for that matter, for lack of technical precision or verbosity by labeling the Plan "silent" or "ambiguous" when it uses the kind of direct, jargon-free language that is mandated by ERISA for all summary plan descriptions and does not expressly address every conceivable factual variation of recovery .
> . . .

Sunbeam-Oster Co. Group Benefits Plan v. Whitehurst, 102 F.3d 1368, 1375 (5th Cir. 1996). "That judges and lawyers, who by education and experience are primed to discover ambiguity in contract language, might find gaps or contradictions in a summary plan description's ordinary, conversational language does not mean that the language is necessarily ambiguous or silent to the point of default for ERISA purposes." Id. at 1376. In the pending case, the language of the SPD is not in our view sufficiently uncertain to compel us to hold that it is ambiguous and that Hogan should therefore receive benefits, despite the language in the primary plan document which unambiguously provides that death resulting from medical treatment of disease or infirmity is not covered.

AFFIRMED.